Lucas v. Casady, *et al.*

1. APPLICATION FOR CONTINUANCE. The sufficiency of a showing for a continuance, under chapter 7, Laws of the Extra Session, 1861, considered and determined.

2. SAME: WHEN FILED. Under ? 3014, an application for a continuance

should be overruled if not made the second day of the term, or does not state facts constituting a sufficient excuse for the delay in making it.

*Appeal from Polk District Court.*

FRIDAY, JANUARY 3, 1862.

THE facts are stated in the opinion of the court.

*C. C. Cole* for the appellant.

*Casady & Polk* for the appellee.

BALDWIN J.—The plaintiff appeals from an order of the District Court continuing this cause. The application for such continuance was based upon an affidavit of one of the defendants, P. M. Casady, in which it is stated, that Crocker, the other defendant, was absent in the military service of the United States; and that for the purpose of a proper defense to the plaintiff's claim his presence was necessary at the trial. By chapter seven of the laws of the extra session of 1861, "an act entitled, an act for the relief of volunteer soldiers of this State," it is provided, that in all actions now pending in any courts of this State, it shall be sufficient cause for a continuance, on motion of defendant, his agent or attorney, if it shall be shown to the satisfaction of the court that the defendant is absent from home in the military service of the United States; and that the defendant's presence is in any degree necessary for a full and fair defense of the suit. It is stated in the affidavit for a continuance, that the papers and all matters relating to the cause of plaintiff's action are now and always have been in the possession of the defendant Crocker; that said Crocker's presence is necessary for the purpose of preparing a full and fair defense to the suit. We are of the opinion, that as a matter of right, under this statement of facts and under

the provision of the act above referred to, the defendant Crocker was entitled to a continuance. The words, "in any degree necessary," as used in this section, indicates an intention upon the part of the Legislature to give a defendant absent from home in the military service of the United States a continuance, if for any purpose whatever his presence was required at the trial, not for a full or complete defense, but even for a partial one; and this court is disposed to give this section a liberal construction, as its design was to protect that class of our citizens who were ready to leave their homes and lay down their lives if necessary in this the hour of our country's peril.

So far as the application for a continuance relates to the other defendant, Casady, we are of the opinion that there is a sufficient showing to indicate to us that there was no such abuse of that discretion which it is proper for the District Court to exercise in determining such motions.

The plaintiff under the provisions of section 3016 of the Revision, filed written objections to the defendant's motion for a continuance, and among others is the following, viz: "The affidavit was not filed until the third day of the term: no reason is given why it was not filed in proper time." Section 3014 of the Revision provides, "that a motion for a continuance *must* be filed on the second day of the term and if made after the second day of the term the affidavit must state facts constituting an excuse for the delay in making it." It appears from the record that the defendant's motion was not filed until the third day of the term and no facts are stated in the affidavit in excuse for such delay. This provision of the law is direct and positive, and unless such motion is made on the second day of the term, the court can exercise no discretion in the matter unless an excuse is offered for the delay. We cannot say that this is an error without prejudice. The plaintiff is as a matter of right entitled to a showing for such delay, and if none is made,

the motion should not be sustained.    For this cause the judgment is reversed and cause remanded.