CLARK v. WOODBURY *et al.*

1. **Continuance:** WHERE PLAINTIFF WAS IN MILITARY SERVICE. Under chapter 19, Acts of Tenth General Assembly, the plaintiff, as well as the defendant, in an action, was entitled to a continuance upon showing that he was in the actual military service of the United States or this State.

2. —— PAYMASTER. A paymaster in the army was as much entitled to the provisions of said act as any other officer or soldier; and this right continued after the disbanding of the volunteer forces, if such paymaster was still retained and continued on duty.

*Appeal from Marshall District Court.*

WEDNESDAY, JULY 31.

THIS action was commenced in August, 1864, and the petition claims one thousand dollars for services as an attorney in the cases therein named. In April, 1866, it appeared by the affidavit of his attorney, that plaintiff was in the actual military service of the United States, as paymaster in the United States army, and that he had been in such position since November, 1862. A counter affidavit was filed, showing that he was such officer in the volunteer and not regular service. Upon these facts, plaintiff asked a continuance, which was refused, and to reverse this action of the court, plaintiff appeals.

*J. H. Bradley* for the appellant.

*Boardman & Brown* for the appellee.

WRIGHT, J. — Chapter seven, page six, Laws of extra session, 1861, provided for continuances upon defendant's motion, when it appeared that he was in the actual military service of the United States or of this State, and that his presence was in any degree necessary for a full and fair defense. In 1862 (ch. 109, p. 126, 9th General Assembly), this was repealed, and in lieu thereof it was enacted that if the defendant was in such service, he was, on motion, entitled to the continuance without showing that his presence was necessary. By chapter 19, page 15, Acts of 1864, the benefits and provisions of this last act were extended

1. CONTINU-ANCE: where plaintiff was in military service.

as well to *plaintiffs* as *defendants* who are in the military service of the State or United States.

In view of this legislation, we cannot understand why this continuance was not granted. A paymaster is in the service as fully and actually as any soldier or other officer. He is mustered in; his absence from his home and business is as imperatively demanded, and he is as much subject to the orders of his superior officers, as though in the ranks or one of the line. The language of the law, its reason and necessity, and the remedy contemplated, alike justify the conclusion that plaintiff is entitled to the benefit of its provisions: We only add that the disbanding of the volunteer forces did not necessarily relieve plaintiff. The condition of the service was such as to continue many of these officers in duty. The showing in this case clearly brings plaintiff within the language and reason of the statute, and the cause should have been continued. See *Lucas* v. *Casady*, 12 Iowa, 567; *Butler* v. *McCall*, 15 Id. 430; *McCormick* v. *Rush*, Id. 127.

2. —— paymaster.

Reversed.