GEORGE JAYCOX *et ux.*

*v.*

THOMAS WING.

1. ABATEMENT—*burden of proof on plea to attachment.* The burden of proof rests upon the plaintiff to establish the ground of attachment stated in his affidavit when the same is put in issue by plea in abatement.

2. SAME—*sufficiency of proof.* Where the ground of an attachment against a husband and wife was that they were about to depart from the State, with the intention of removing their goods, etc., which was put in issue by plea in abatement, the only proof offered by the plaintiff to support the issue were the casual declarations of the wife in the absence of

the husband, to the effect that she thought she should move west, but did not know when: *Held*, that, even could the husband be affected by these declarations, they were wholly insufficient to warrant a verdict in favor of the plaintiff.

3. HUSBAND AND WIFE—*whether husband is liable jointly with his wife on her contract.* Where, since the passage of the acts of 1861 and 1869, relating to married women, a wife, who was carrying on a separate business from her husband with her own separate property, rented a room in which to prosecute her business, the husband not participating in the matter: *Held*, that the husband was clearly not jointly liable with the wife for the rent of the room, and consequently her declarations were not admissible against him on the trial of an issue on a plea in abatement traversing the ground stated for an attachment against the husband and wife.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. CHARLES J. BEATTIE, and Mr. L. G. PEARRE, for the appellants.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a suit by attachment, sued out of justice's court by Wing, against the property of appellants, upon an affidavit of joint indebtedness of the latter to the former, and that appellants were about to depart from this State with the intention of having their goods, etc., removed therefrom. On appeal to the Livingston circuit court, the case was tried by jury on issues formed upon the statutory plea of abatement, traversing the matters of the affidavit, and verdict against defendants, upon which the court, overruling a motion for new trial, passed judgment, and they bring the case here by appeal, assigning for error that the verdict is unsupported by the evidence; that there was no ground shown for suing out an attachment, or for holding defendants jointly liable.

The defendants intermarried since the act of 1861, concerning the separate property of married women, went into force. The wife was a milliner by trade before her marriage, having a stock of millinery goods, as her sole and separate property,

with which, as replenished from time to time with her own funds, she carried on the business at Pontiac after the marriage ; the husband residing and having his own business at Dwight, in the same county.

While so carrying on a separate business with her own separate property, after the act of 1869 went into force, giving married women the right to their own earnings, free from the interference of the husband or his creditors, she, without any participation in the matter by her husband, rented rooms in Pontiac of the plaintiff, for the purposes of her separate business.    It was to recover this rent that the attachment was sued out against husband and wife jointly.

The question is not whether she may be sued at law for the rent, or whether the remedy is in equity, but it is whether the husband, simply by reason of that relation, is jointly liable with the wife, and whether her declarations alone and in his absence will justify the suing out of an attachment against the property of the husband.    The burden of showing ground within the statute for an attachment was upon the plaintiff. The only evidence he introduced related to the casual declarations of the wife in the absence of the husband, to the effect that she thought she should move west, but did not know when.    There was no evidence tending to show that the husband had any intention of leaving the State or removing his property therefrom.    On the contrary, it appears, by undisputed testimony, that he had not been out of the State in ten years, was permanently located, and had no intention of leaving or removing his property.

Where, since the act of 1869, giving to a married woman the right to her own earnings free of interference from her husband or his creditors, such married woman is carrying on a separate business, with her own property, in a town other than that in which the husband resides, and credit is given to her, the creditor is not justified in claiming that there is even a *prima facie* presumption that the husband was jointly interested in such business with the wife, so as to make her

declarations afford, in his absence, any foundation for an attachment against his property.   But even if he could be affected by such declarations, those given in evidence were wholly insufficient to warrant a verdict in favor of plaintiff on the issues formed upon the plea in this case.   They merely indicate an unsettled purpose on her part of moving out of the State at some future indefinite time.

The plaintiff wholly failed to support his attachment; and the judgment holding the husband jointly liable with the wife upon her separate contract is such a perversion of the law as reflects little credit upon its administration.

Judgment reversed and cause remanded.

*Judgment reversed.*