# MARGARET DUNN

## V.

# PICKARD BROTHERS.

*Husband and Wife—"Family Expenses"—Sec. 15, Ch. 68, R. S.*

A light farm wagon is not a family expense within the meaning of Sec. 15, Chap. 68, R. S.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Woodford County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. THOMAS KENNEDY and M. L. NEWELL, for appellant.

The law in question was passed by our Legislature March 30, 1874. Previous to this time, the Supreme Court of Iowa, from whence our law seems to have been taken, had held that a cook stove and fixtures used in the family (Finn v. Rose, 12 Iowa, 567) and provisions and clothing (Hawke v. Urban, 18 Iowa, 83) were family expenses under the law. Since then it has been held by the same court that a piano (Smedly v. Felt, 41 Iowa, 588), a lady's gold watch and chain (Marquardt v. Flangher, 60 Iowa, 148), an organ (Frost v. Baker, 65 Iowa, 178), a sewing machine (3 N. W. R. 670), when used in the family under the rule stated in Smedly v. Felt, 41 Iowa, and followed by our court in Van Platen v. Krueger, 11 Ill. App. 627, were proper expenses under the statute. It has also held under the same rule that a reaping machine (McCormick v. Muth, 49 Iowa, 536), merchandise and live-stock, also a breaking plow (Russell v. Long, 52 Iowa, 250), money borrowed to pay family expenses (Davis v. Richey, 55 Iowa, 719), attorneys' fees, etc. (Fitzgerald v. McCarty, 55 Iowa, 702), and the expenses of an insane wife in a hospital (Delaware County v. McDawell, 46 Iowa, 170), were not family expenses under the law.

So far as we are able to find, only such articles as are used in the dwelling house seem to have been held to be "family expenses" under the law. The line seems to have been drawn at the threshold.

Our Appellate Court in Van Platen v. Krueger, 11 Ill. App. 627, hold the words "expenses of the family" mean such expenses as were incurred for, on account of, and to be used in the family; and what would be included in the term must, within the above limitation, be determined by the circumstances of each case.

Mr. JAMES A. RILEY, for appellees.

"The statute does not limit the liability of the property of the wife to expenditures for necessary family expenses. It applies to the expenses of the family, without limitation or qualification as to kind or amount." Van Platen v. Krueger, 11 Ill. App. 629. And again, "if the courts should undertake to classify family expenses into those which are and those which are not a charge upon the property of both husband and wife, they would soon find themselves involved in an intricate and uncertain maze." *Id.*

If a banker or business man in the city buys a horse and buggy, that his family may ride around in, and if it is used by them for their pleasure and enjoyment, is not that as much of a family expense as a piano (Smedley v. Felt, 41 Iowa, 588) in the house, or a lady's gold watch and chain? Marquardt v. Flangher, 60 Iowa, 148.

This court has held that the statute applies for the expenses of the family, without limitation or qualification as to kind or amount. Van Platen v. Krueger, 11 Ill. App. 627. So with this buggy; even if it had been proven to be a large, strong one, it might still be a family expense. If it were purchased for and used in Dunn's family, it is a family expense. Finn v. Rose, 12 Iowa, 565. The jury were justified in saying, after considering all the evidence, that this buggy was purchased for and used in Dunn's family, and the verdict was manifestly in accordance with the evidence.

LACEY, J. This suit was brought by appellees originally before a Justice of the Peace, to recover of appellant the price, $77.50, of a two-horse, double-seated buggy, sold by the appellees, dealers in such articles, to the husband of the appellant in 1882. The suit was appealed to the Circuit Court and there again tried and judgment rendered against appellant for the amount of the claim, from which judgment this appeal is taken. The husband, to whom the buggy was sold, died before the appellant was sued, and his estate was administered upon by appellant and she took the buggy as a part of her award.

The right to recover in this case is claimed by appellees,

under Sec. 15 of the act relating to husband and wife, as follows :

"The expenses of the family and of the education of the children shall be chargeable upon the property of both hus-' band and wife, or of either of them, in favor of creditors therefor and in relation thereto they may be sued jointly or separately." The above statute is a copy of a statute previously passed in the State of Iowa, and to the interpretations given to it by the courts of that State, prior to its adoption in this State we should, in a great measure, look for light as to its meaning. The proper solution of the question presented in this case will depend on what is meant in the said act by the term, "*expenses of the family.*"

This term certainly does not cover every species of articles bought which goes directly or remotely to the support of and for the benefit of the family. If such were the case there would scarcely be an article purchased that would not come within that term, "family expenses."

Farming implements of the farmer and the tools of the mechanic are generally used to make money for the benefit of the family, yet it would hardly be contended that such articles would be for family expenses. Anything that is used as a general thing to carry on the farm of a farmer or the trade of a tradesman or mechanic, are not to be regarded as family expenses within the meaning of the statute. The Supreme Court of the State of Iowa has held that a cook stove and fixtures used in the family, provisions and clothing, a piano, a lady's gold watch and chain, an organ, a sewing machine when used in the family, are expenses of the family within the meaning of the statute. Fun v. Rose, 12 Ia. 567; Hawke v. Urban, 18 Ia. 83; Smedley v. Felt, 41 Ia. 588; Marquardt v. Flangher, 60 Ia. 148; Frost v. Baker, 65 Ia. 178.

It has also been held by the same court that a reaping machine, merchandise and live stock and a breaking plow, money borrowed to pay family expenses, attorneys' fees, and the expenses of an insane wife in a hospital, were not family expenses under the law. McCormick v. Muth, 49 Ia. 536; Russell v. Long, 52 Ia. 250; Davis v. Ritchie, 55 Ia. 719; Fitz-

Dunn v. Pickard Brothers.

gerald v. McCarty, 55 Ia. 702; Delaware Co. v. McDowell, 46 Ia. 170.

After a careful reading of the evidence in the case we conclude that the buggy in question comes more fairly under the class of the articles last above decided. The buggy was a strong one and after taking out the hind seat, was very suitable for use as a light wagon around the farm and going to and from market, taking articles to market and bringing back articles for use of family or otherwise, and for use as a general "hack" wagon, and it was generally used as a light wagon on the farm. The husband in his lifetime was a farmer engaged on the farm where he resided with his family. He had but one span of horses and one set of harness. Those horses and harness were exclusively used to the buggy. The evidence clearly shows that the buggy was used in no other way than as a general light wagon on a farm. The family may have, and sometimes did, use the buggy to ride in to church and town and other places, so they might do in a two-horse heavy wagon, but that would not change the character of the use of the wagon, and justify a recovery from the wife on account of its purchase by the husband under the head of family expense. It would hardly be claimed that the outlay for a common two-horse wagon, used for all work, even to cart the family to church, town or other places, should be classed in "family expenses." It would occupy the same place as the reaping machine and money borrowed to pay family expenses.

We do not think the law, by judicial construction, should be extended to cover cases under the head of "family expenses" not fairly within the meaning of the statute. The courts of Iowa have gone as far in that direction as a very liberal construction of the statute would warrant. The evidence in this case is not conflicting, and, we think, fails to support the verdict. The judgment of the court below is, therefore, reversed and the cause remanded.

*Reversed and remanded.*