HARRY S. HYMAN *et al.*

*v.*

GEORGE F. HARDING.

|162     357
f96a  ¹330

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. WITNESSES—*competency of wife in suit against her and her husband jointly.* The testimony of a wife in a suit against her and her husband jointly, to recover the cost of resetting a ring with diamonds and a ruby, that the ring was her wedding ring, offered for the purpose of showing that such cost was an item of family expenses, is incompetent.

2. HUSBAND AND WIFE—*what class of articles constitutes a family expense.* The term "expenses of the family," as used in the statute, (Rev. Stat. 1874, chap. 68, sec. 15,) making such expenses chargeable upon the property of both husband and wife, is not synonymous with "necessaries," which may be personal and individual, and does not include business expenses incurred to secure the means to maintain the family, nor private or individual expenses which do not affect the household or family as a whole, but does include expenses for many articles used by individual members, if they affect the members of the family generally.

3. SAME—*article which does not conduce to welfare of family not a family expense.* An article is not a family expense, chargeable upon both husband and wife under the statute, if it in no way conduces to the welfare of the family generally, although at times it is used or displayed in the family by the one for whom it was purchased.

4. SAME—*a finger ring is not a family expense.* A ring is an article of personal adornment, whose primary and important use is for display in general society, although incidentally worn in the family, and does not constitute an item of family expense for which the statute makes both husband and wife chargeable.

*Harding* v. *Hyman,* 54 Ill. App. 434, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

ROSENTHAL, KURZ & HIRSCHL, for plaintiffs in error:

Questions of the wife's necessaries are more liberally construed than exemption laws. *Hitchcock* v. *Holmes,* 43 Conn. 528.

Necessaries for infants may include jewelry. (*Peters* v. *Fleming*, 6 M. & W. 41.) The question is for the jury. *Genner* v. *Walker*, 19 L. T. (N. S.) 398.

Necessaries may include a riding horse and jewelry. *Aaron* v. *Harley*, 6 Rich. 26; *Marquardt* v. *Flaugher*, 60 Iowa, 148; *Owens* v. *Walker*, 2 Strob. Eq. 289; *Raynes* v. *Bennett*, 114 Mass. 424.

Necessaries for the wife may include silver fringes for a saddle, and lace, velvet and tissues. *Morton* v. *Withens*, Skinner, 348.

Courts judicially know that food and clothing are necessaries, and require proof as to jewelry. *Montague* v. *Baron*, 5 D. & R. 532.

The husband may be judged by his appearance of wealth as well as by his actual wealth. *Morgan* v. *Chetwynd*, 4 F. & F. 451.

The statute does not require proof that a "family expense" is also a necessary. *Von Platen* v. *Krueger*, 11 Ill. App. 627; *Schrader* v. *Hoover*, 80 Iowa, 243; *Hudson* v. *King*, 23 Ill. App. 118; *Cole* v. *Bently*, 26 id. 260; *Glaubensklee* v. *Low*, 29 id. 408; *Hoyle* v. *Warfield*, 28 id. 628; *Illingworth* v. *Burley*, 33 id. 394; *Smedley* v. *Felt*, 41 Iowa, 588.

WILLIAM J. AMMEN, for defendant in error:

On the proper construction of the statute in question, see *Myers* v. *Field*, 146 Ill. 50; *Von Platen* v. *Krueger*, 11 Ill. App. 627; *Fitzgerald* v. *McCarty*, 55 Iowa, 702; *Finn* v. *Rose*, 12 id. 565; *Hawke* v. *Urban*, 18 id. 83; *Smedley* v. *Felt*, 41 id. 588; *McCormick* v. *Muth*, 49 id. 536; *Davis* v. *Ritchey*, 55 id. 719; *Frost* v. *Parker*, 65 id. 178; *Jones* v. *Glass*, 48 id. 345; *County of Delaware* v. *McDonald*, 46 id. 170; *Schrader* v. *Hoover*, 80 id. 243; *Watkins* v. *Mason*, 11 Ore. 72; *Phillips* v. *Kirby*, 73 Iowa, 278; *Farrar* v. *Emery*, 52 id. 725; *Russell* v. *Long*, id. 250; *Black* v. *Sippy*, 15 Ore. 574; *Marquardt* v. *Flaugher*, 60 Iowa, 148; *Hayden* v. *Rogers*, 22 Ill. App. 557; *Dunn* v. *Pickard Bros.* 24 id. 423; *Hoyle* v. *Warfield*, 28 id. 628; *Glaubensklee* v. *Low*, 29 id. 408; *Younkin* v. *Essick*, id.

575; *Walcott* v. *Hoffman,* 30 id. 77; *Schlessinger* v. *Keifer,* 30 id. 253; *Gaffield* v. *Scott,* 33 id. 317; *Harrison* v. *Hill,* 37 id. 30; *Houck* v. *Smith & Sons,* 46 id. 64; *Phipps* v. *Kelley,* 12 Ore. 213.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In November, 1888, Adelaide Harding, wife of defendant in error, purchased a ring of plaintiffs in error, and suit was brought against both husband and wife for the purchase money. Plaintiffs' declaration consisted of the common counts in assumpsit and a special count under the statute, making both husband and wife chargeable with family expenses. On the trial the common counts were withdrawn from the consideration of the jury. On the claim under the statute the verdict of the jury was against both defendants, and judgment was entered accordingly. Defendant in error alone appealed, and the judgment was reversed, without remanding, by the Appellate Court, which found as a matter of fact, and entered in its judgment, that the purchase price of the ring was $575, that it was a ruby and diamond ring, and that it was purchased without authority from the husband. A certificate of importance having been granted, the cause was brought to this court.

On the trial Adelaide Harding, co-defendant with her husband, was permitted to testify against his objection, and she testified that the diamond setting was lost from her wedding ring, which originally cost $65, and that she had the ring re-set with diamonds and a ruby, costing $575, and it is insisted that the preservation of the wedding ring is a different class of expense from the purchase of an ordinary ring. But this testimony was incompetent, and erroneously admitted. The court said that it was admitted only to bind her; but the action was a joint one, against the husband and wife, and there could be no verdict against one without the other. Whatever would

tend to establish the claim and conduce to a verdict against her would affect him in like manner. There was no competent evidence that any part of the ring sued for had ever been a part of a wedding ring, and it must be treated as any other ring,—for mere personal gratification and adornment.

Section 15 of chapter 68 of Hurd's Statutes is as follows: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." Under the findings of fact by the Appellate Court, the inquiry in this court is whether a ring is a family expense.

The statute has been construed in Iowa, from which State it was taken, and elsewhere, to embrace merely legitimate expenses of the family, as such, incurred for articles to be used in the family, and actually used or kept for use therein. (*Fitzgerald* v. *McCarty*, 55 Iowa, 705.) The term "expenses of the family" is not synonymous with "necessaries," which may be personal and individual as well as for the family. It does not include business expenses, which are incurred merely to secure the means to maintain the family, nor private or individual expenses, which do not affect the collective body of persons under one head constituting a household or family, but it does include expenses for many articles used by individual members of the family, if they mutually affect the members generally. It is apparent that even though an article is purchased for and used by only one member of the family, yet it is a family expense if it conduces, in any substantial manner, to the welfare of the family generally. Musical instruments may be as pleasant and beneficial to the other members of the family as to the operator. Books, pictures and articles of ornament used to adorn and beautify the home, though owned by individual members of the family, are beneficial to the family

generally, and tend to maintain its integrity.   Articles
of clothing, though purchased for and used exclusively
by individual members, are family expenses, as they con-
tribute, in a substantial manner, by preserving health
and otherwise, to the general well-being of all the mem-
bers.   It is equally apparent that an article is not a
family expense if it in no way conduces to the welfare of
the family generally, even though at times it is used or
displayed, by the one for whom it was purchased, in the
family.   We think that a ring falls within this class.   It
is for personal adornment, largely to gratify vanity, and,
though it may be incidentally worn in the family, its pri-
mary and important use is for display in general society.

The case of *Marquardt* v. *Flaugher*, 60 Iowa, 148, is cited
by plaintiffs in error; but in that case, which involved a
watch and chain, a ring, and some other jewelry, neither
the lower court nor the Supreme Court held that the ring
was a family expense.   The judgment in the lower court
was of such an amount that it is a warrantable inference
that it did not include the ring, while the Supreme Court
impliedly, if not directly, stated that the ring was not a
family expense.   As to the watch and chain, it may be
said that a watch is, primarily at least, for use, and in
the family as much as elsewhere.   It is usually beneficial
to the family, as such, though worn only by one, while a
chain may be, in prudence, a proper adjunct to a watch.

It is insisted the cause should have been remanded by
the Appellate Court to enable plaintiffs to try the cause
on the common counts; but as the common counts were
withdrawn on the trial, the only question related to the
liability for expenses of the family, and this, we think,
the Appellate Court properly determined, and its judg-
ment will be affirmed.              *Judgment affirmed.*