Louis Berman and Company, Inc., Appellee, v. Bror G. Dahlberg, Appellant.

Gen. No. 44,538.

234

PAM, HURD & REICHMANN, of Chicago, for appellant; KENNETH L. RICHMOND, of Chicago, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellee; THOMAS CARLIN, JOHN J. FAISSLER and EDWIN A. ROTHSCHILD, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action under Section 15, Chapter 68, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 64.15] known as the Family Expense Act, to recover the balance due upon a natural silver mink coat sold by plaintiff to defendant's wife. The case was tried without a jury and resulted in a judgment for plaintiff in the amount of $2,500. Defendant has appealed.

The sale transaction began in January 1947. A special price was set for the coat in view of an understanding that the purchaser would advertise plaintiff's business. Plaintiff expected that other fur coats might be sold as a result. In March defendant's wife paid $2,500 upon the purchase price, the balance to be paid in 90 days. The coat was subsequently lined and shipped to the purchaser's Beverly Hills, California, home. Late in April, 1947, the purchaser returned the coat to plaintiff as unsuitable for wear in Cali-

fornia. Plaintiff refused to accept the coat under its policy of making no exchanges. In May the purchaser wired plaintiff to send the coat to the Plaza Hotel in New York City. This was done but the balance of the purchase price was not paid.

The question to be decided is whether the coat is a family expense, so as to render the defendant liable under the statute. The defendant contends that he was prejudiced because the trial court excluded evidence offered to show that the coat was not for use in the family, but for use in defendant's wife's separate business. He further contends that the trial court refused to consider evidence introduced to show that the purchase of the coat was a business agreement under which the purchaser was to use the coat in her separate advertising and publicity business in such a way as to induce others, seeing the coat, to patronize plaintiff.

Defendant's testimony did not tend to prove that his wife had a separate business. The extent of his testimony was that she had an income of her own exceeding $10,000 per year. Defense counsel stated at the trial that he wanted to prove by one of defendant's secretaries that "Mrs. Dahlberg has her own accounts, that Mrs. Dahlberg pays for her own business arrangements and business dealings, . . . ." He further stated that he was ready to prove that she was in the publicity and advertising business and produced plays.

The trial court sustained an objection to a question with reference to an insurance policy of purchaser. Thereupon, defense counsel stated that he wanted to prove that Mrs. Dahlberg had four other fur coats. An objection was sustained to a question whether she had a separate income from that given by her husband. The trial judge said he would permit the defendant to show if he could that Mrs. Dahlberg was in the business of buying and selling fur coats. The

court indicated that under such a showing plaintiff would have difficulty in establishing defendant's liability.

We deem it unnecessary to consider the contentions made by the defendant arising upon the foregoing parts of the record. It is clear that the defendant made no offers of proof sufficient for us to determine whether or not they would have materially affected the case. The defendant had already testified that his wife had a separate income. The question of whether she had other fur coats was not relevant. The liability under the Family Expense Act statute is not limited to necessaries. *Carson, Pirie, Scott & Co. v. Stanwood*, 228 Ill. App. 281. We cannot say that the court committed error in the several rulings of which complaint is made.

We have read the numerous cases cited by both parties. Defendant seeks to avoid liability on the ground that the purchase by his wife of the coat in question for use in her separate business, brought this case under the holding in *Jaycox v. Wing*, 66 Ill. 182; *Dunn v. Pickard Bros.*, 24 Ill. App. 423; and *Staver Carriage Co. v. Beaudry*, 138 Ill. App. 147. Suffice to say that in the record before us there is no competent proof that defendant's wife had a separate business and that the fur coat was used or kept for use in that business. There was no sufficient offer to make the proof.

The Family Expense Act in Illinois was copied from a like statute in Iowa. *Hyman v. Harding*, 162 Ill. 357. Illinois courts have been influenced by Iowa decisions in construing the Act in this State. It has been said (*McDaniels v. McClure*, 142 Ia. 370) that the term "family expense" has not been clearly defined and that perhaps a definition should not be attempted. The criterion adopted in Iowa is whether the expenditure was incurred for, on account of, and to be used in the family (*McDaniels v. McClure; Smedley v. Felt*, 41 Ia. 588); also whether the expenditure incurred was

for an article used or kept for use in the family. *Fitzgerald v. McCarty*, 55 Ia. 702.

 The record here shows that before the sale was made, plaintiff's saleslady exhibited the coat to defendant in the presence of his wife in their Chicago home; that thereafter one of defendant's secretaries sought to have plaintiff make a further reduction in the price, which had already been reduced from $7,200 to $5,000; and that defendant's wife wore the coat at least on two occasions in public while accompanied by her husband, the defendant. In view of these facts and the fact that defendant and his wife, though having separate homes, lived together as husband and wife and were, therefore, a family, we are satisfied that the coat was a family expense for which the defendant is liable. We think this conclusion is supported by the cases already referred to and *Abrams v. Traster*, 244 Ill. App. 533; *Marquardt v. Flaugher*, 60 Iowa 148; *Robertson v. Warden*, 197 Ill. App. 478; *Otto v. Matthie*, 70 Ill. App. 54; and *Vercler v. Jansen*, 96 Ill. App. 328.

For the reasons given the judgment of the municipal court is affirmed.

*Affirmed.*

BURKE, P. J., and LEWE, J., concur.