(No. 40923.—

CARSON PIRIE SCOTT & Co., Appellee, *vs.* MARILYN L. HYDE *et al.*—(John A. Hyde, Appellant.)

*Opinion filed March 28, 1968.*

JOHN A. HYDE, of Villa Park, for appellant.

KENNETH BAKER, of Chicago, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Carson Pirie Scott & Company brought action against John A. Hyde and his wife under the so-called Family Expense Act (section 15 of the Husband and Wife Act) to recover for goods purchased by the wife. The parties stipulated to the facts after which judgment was entered for the plaintiff. Defendant John A. Hyde appeals directly to this court, seeking to avoid liability on the ground that the statute is unconstitutional.

The Family Expense Act provides that "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1965, chap. 68, par. 15.) From the stipulation in the case it appears that the purchases were made without appellant's knowledge or consent, that the store was not aware of his standard of living or the family's financial circumstances, and that it did not know whether any member of his family was in need. The court determined that the items purchased were items of family expense, and appellant does not contend that it erred in so finding. Indeed, nowhere in his brief is it even mentioned just what the "goods in question consisted of." The contention is simply that the Act contravenes the Federal constitution and the Illinois constitution in a number of respects.

It is argued at some length that the State has no business in the internal conduct of family affairs, that so long as a man does not abandon or mistreat his family, control may not be taken from him, and that by the present statute "the State is guilty of invading a man's constitutionally protected rights of privacy and the pursuit of happiness." Under a second point similar arguments are made that in the absence of some neglect of duty on his part government auhorities ought not to be permitted to "intervene in family affairs." The arguments are misdirected. The Act does not purport to provide for control or interference in family affairs. Appellant's objections are so beside the point that further discussion is unnecessary.

The same may be said of appellant's points 3 and 4 which assert that neither the common law nor the statutory law specifies any particular standard of living to which any man or his family must conform. He then claims that because no standards are specified to determine what items

constitute family expenses the statute amounts to an unconstitutional delegation of legislative powers to the judiciary "and to the business men of Illinois." The fifth contention is that by imputing a failure of parental and marital duties without proof the statute denies due process of law. Remaining contentions are that this imposition of liability without fault or agreement or conduct from which assent may be implied destroys a man's authority as head of his family, leads to the rupture of domestic harmony, is against public policy, and constitutes a taking of property without due process of law; that in practical application it amounts to a special statute in favor of merchants, that it is an unconstitutional attempt to stimulate intrastate commerce, and that in practical effect it amounts to an unconstitutional tax on the head of the family. No purpose could be served by recounting the arguments with which these points are elaborated. We have examined them and find them to be farfetched and without sufficient merit to warrant individual discussion.

The Family Expense Act has been in force since 1874, with little question of its validity. In *Myers* v. *Field,* 146 Ill. 50, Marshall Field & Company had recovered a judgment against a married woman for goods which were items of family expense, and sought to enforce it by seizing certain property of hers. She resisted on the ground that the property was acquired before the Family Expense Act was passed, and while a statute was in force exempting the separate property of married women from execution for the debts of their husbands. In affirming a judgment for the merchant this court observed, *inter alia,* that the attempt was to subject the wife's property not to her husband's debt but to her own, that "Whatever is a legitimate expense of the family is for her benefit, as she is a part of the family. We see no reason why the legislature has not the power to say, that she or her property shall be liable for a debt incurred by her, or for her benefit." Family expenses,

as the court pointed out in *Hyman* v. *Harding*, 162 Ill. 357, are expenses for articles which conduce in a substantial manner to the welfare of the family generally and tend to maintain its integrity. Appellant has failed to advance any satisfactory reason or authority for his position that it violates constitutional safeguards to make the "head of the family" liable therefor.

The Illinois Family Expense Act was taken from the Iowa statute which was upheld in *Smedley* v. *Felt,* 41 Iowa, 588. In holding that an action may be maintained against the wife for the cost of articles of family use sold to the husband the Iowa Supreme Court there observed that "she should not escape liability to the extent of her property for contracts of which she and her family have derived the benefit." (41 Iowa, at 591.) And in *Lawrence* v. *Sinnamon,* 24 Iowa, 80, where goods purchased for family use were charged to the husband, the Iowa Supreme Court pointed out that the husband and wife "are alike interested in the education of the children and for the support of the family. For the expenses thereof it is both right and proper that the property of each or both should be liable." (24 Iowa, at 84.) These observations are applicable as well to the Illinois statute, and a similar result must follow in the case here.

The appellant has failed to support his claim that the act is unconstitutional. No error being shown the judgment of the circuit court is affirmed.

*Judgment affirmed.*