PAT WHITE, d/b/a Royal Jewelers, Plaintiff-Appellant, *v.* DAVID NEELAND, Defendant-Appellee.—(Linda Neeland, Defendant.)

Third District   No. 82—515

Opinion filed April 27, 1983.

Michael R. Berz and Debra K. Smietanski, both of Berz & Smietanski, of Kankakee, for appellant.

James T. Burns, of Law Offices of Charles O. Henry, of Kankakee, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

The plaintiff brought a small-claims action against David Neeland and his wife to recover for jewelry purchased by Mrs. Neeland. The plaintiff appeals the trial court's order granting the husband's motion to dismiss. We reverse.

The facts are not in dispute. Between March 10 and August 17, 1979, Mrs. Neeland purchased from the plaintiff two diamond watches, a diamond cocktail ring, a pearl necklace, pearl earrings, and a lighter. The value of the merchandise exceeded $6,000. Payments made by the wife reduced the balance due on her account to $2,608.94. No further payments were made, however, after May 22, 1981. On January 7, 1982, the plaintiff brought suit against both the husband and wife for $2,500, the maximum recoverable in a small claims action. 87 Ill. 2d R. 281.

The husband filed a motion to dismiss alleging that he had not

made the purchases, that he did not possess any of the merchandise, and that he did not sign the purchase agreement upon which the claim was based. The trial court allowed the motion finding that defendants were a family in fact but that the purchase of jewelry, precious gems and precious metals, did not fall within the scope of the Family Expense Act (Ill. Rev. Stat. 1981, ch. 40, par. 1015). The plaintiff turned to this court after the trial court found pursuant to Supreme Court Rule 304(a) that there was no just reason for delaying appeal. 87 Ill. 2d R. 304(a).

The Act provides in pertinent part:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." Ill. Rev. Stat. 1981, ch. 40, par. 1015.

The parties have confined their arguments to the issue of whether the purchase of jewelry constitutes a family expense under the Act. There is a scarcity of case law on the subject.

The Act finds its origins in the "An Act to revise the law in relation to husband and wife." (Ill. Rev. Stat. 1874, ch. 68, par. 15.) It was copied from a similar provision in Iowa, and our courts have looked to the decisions of that State when interpreting the Illinois statute. (See *Dunn v. Pickard Brothers* (1887), 24 Ill. App. 423.) At common law, the wife could bind her husband for "necessaries" only as express authority was given her, or as authority was, or could be, implied from the husband's neglect to furnish articles suitable to her situation in life. (*Arnold v. Keil* (1898), 81 Ill. App. 237.) Under the statute, however, both the husband and wife are jointly and severally liable for the expenses of the family. Such expenses embrace more than "necessaries" under the common law. (*Hyman v. Harding* (1896), 162 Ill. 357, 44 N.E. 754.) What constitutes a "family expense," however, escapes precise definition. They include "expenses for articles which conduce in a substantial manner to the welfare of the family generally and tend to maintain its integrity." (*Carson Pirie Scott & Co. v. Hyde* (1968), 39 Ill. 2d 433, 436, 235 N.E.2d 643, 645.) In the case of *Louis Berman & Co. v. Dahlberg* (1948), 336 Ill. App. 233, 83 N.E.2d 380, the court looked to whether the expenditure was incurred for, on account of, and to be used in, the family, and also to whether the expenditure was for an article used, or kept for use, in the family. See Ill. Ann. Stat., ch. 40, par. 1015, Historical and Practice Notes, at 245 (Smith-Hurd 1976).

The plaintiff argues that the purchases of the defendant wife

should be considered within the purview of the Act. His principal contention is that the jewelry served as an investment from which the entire family could benefit. Relying upon *Hyman*, however, the husband argues that the trial court properly dismissed the lawsuit as to him.

In *Hyman*, the plaintiff sued a husband and wife for the cost of a ring purchased by the wife. The jury found for the plaintiff and against both defendants. The husband appealed and the supreme court reversed, concluding that the ring, an article worn for mere adornment and display in general society, did not constitute an item of family expense for which the statute made both the husband and wife chargeable.

However, in *Marquardt v. Flaugher* (1882), 60 Iowa 148, 14 N.W. 214, a case discussed in *Hyman*, a gold watch and chain and other articles of jewelry actually used in the family were held to be articles of family expense. In *Neasham v. McNair* (1897), 103 Iowa 695, 72 N.W. 773, a diamond shirt stud worn by the husband was found to be a family expense, in part, because of its utilitarian function. The husband was held liable for his wife's purchase of a fur coat in *Louis Berman & Co. v. Dahlberg* (1948), 336 Ill. App. 233, 83 N.E.2d 380. In that case, a salesperson had exhibited the coat to the husband in the presence of his wife prior to the sale. Thereafter, the husband, through one of his secretaries, sought a reduction in the purchase price. The court noted that the wife wore the coat on at least two occasions in public while accompanied by her husband. These factors led the appellate court to conclude that the coat's purchase was a family expense.

As the foregoing cases illustrate, the question of whether articles of jewelry or similar items of luxury constitute a family expense depends upon the nature and actual use of the item in question. By granting defendant's motion to dismiss, the trial court determined as a matter of law that the jewelry purchased by Mrs. Neeland conduced no substantial benefit to her family. (*Carson Pirie Scott.*) The court erred in doing so.

We regard this as a question of fact which could not have been decided upon the pleadings. We are not unmindful that for most families the purchase of over $6,000 worth of jewelry would represent an extraordinary expense. Our statute, however, does not limit the liability of parties to purchases that are reasonable and necessary. (See Iowa Code Ann. sec. 597.14 (West 1981).) Rather, the ultimate issue focuses upon who benefited from the expenditure.

While there may be some expenses which, as a matter of law,

could be of no benefit to the family, we conclude that the jewelry purchased here does not fall into that category. The record provides no information as to how, by whom, or for what purpose the jewelry was to be used. Our decision should not be construed, however, as countenancing the plaintiff's theory that the wife's purchases benefited her family because of their investment potential. Again, that is a question of fact for the trier of fact.

For all the foregoing reasons, the judgment of the circuit court of Kankakee County is reversed.

Reversed.

MILLS and TRAPP, JJ., concur.