BORIS N. LYMAN, d/b/a B&H Furniture Company, Plaintiff-Appellant, *v.* EDWARD HARBAUGH *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0107

Opinion filed August 26, 1983.

Thomas H. Piper, of White Hall, for appellant.

Paul L. Pratt, P.C., of East Alton (John B. Pratt, Sr., of counsel), for appellees.

JUSTICE MILLS delivered the opinion of the court:

The only issue in this appeal is whether the cost of carpeting is a family expense within the scope of the family expense statute. Ill. Rev. Stat. 1981, ch. 40, par. 1015.

The trial judge, the Honorable L. Keith Hubbard, said it was not.

We disagree.

We reverse and remand.

### THE FACTS

Charlotte and Edward Harbaugh were married in the spring of

1970. Along with Charlotte's three children from a previous marriage, they set up housekeeping in a home in Greenfield, Illinois.

On June 19, 1978, Charlotte purchased several rooms of carpeting from Boris Lyman, d/b/a B & H Furniture. Edward never consented to the purchase. The carpeting was delivered and installed in the Harbaugh's home, at a total cost of $696.52.

In the fall of 1979, Charlotte and Edward separated. Edward moved out of the house and the couple's marriage was dissolved on August 12, 1980.

Lyman never received payment for the carpeting and he eventually filed a small-claim complaint against both Charlotte and Edward. After a great deal of procedural maneuvering, a hearing was held and Judge Hubbard ruled that the cost of the carpeting was not a family expense. Nevertheless he ordered Edward to pay Lyman $100 for the use of the carpeting while he lived with Charlotte.

Lyman appeals, arguing that the cost of the carpeting is a family expense within the scope of the family expense statute and that Edward should be liable for the entire cost of the carpeting.

In reply, Edward contends that the cost of the carpeting does not come within the scope of the family expense statute because: (1) the carpeting was a luxury and not a necessity; and (2) he did not consent to the purchase.

We agree with Lyman.

### THE FAMILY EXPENSE STATUTE

■ The family expense statute originated as a section in the Husband and Wife Act of 1874. (Ill. Rev. Stat. 1874, ch. 68, par. 15.) Today the statute is section 15 of "An Act to revise the law in relation to husband and wife." (Ill. Rev. Stat. 1981, ch. 40, par. 1015.) The statute states in pertinent part:

> "The expenses of the family *** shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

An expense is an "expense of the family" when it is incurred for an article which contributes to the welfare of the family generally and tends to maintain the integrity of the family. *Carson Pirie Scott & Co. v. Hyde* (1968), 39 Ill. 2d 433, 235 N.E.2d 643.

■ The expense of the carpeting is just such an expense. Carpeting in the family home clearly benefits the entire family and consequently is an "expense of the family" as that phrase is used in the statute. See *Louis Berman & Co. v. Dahlberg* (1948), 336 Ill. App.

233, 83 N.E.2d 380.

## LUXURY VERSUS NECESSITY

■ Edward maintains that the carpeting was a luxury item and not a necessity and therefore its cost does not come under the scope of the statute. He argues that the linoleum flooring that was already in the home was not only adequate but also suitable to the family's station in life. His position is that only the cost of necessities is covered by the statute.

We disagree. Edward's argument may have been valid 110 years ago under the common law but it is not valid today under the statute. Whether or not the expense of an item is a family expense does not depend on whether that item is a necessity. As this court stated 84 years ago in *Arnold v. Keil* (1899), 81 Ill. App. 237, 242:

"At common law the wife could bind the husband for necessaries only as express authority was given her, or as authority could be implied from the husband's neglect to furnish articles suitable to her station in life, which said articles were considered and treated in law as necessaries. 'Family expenses,' under the statute, embrace much more than 'necessaries' under the common law. [Citations.]"

And the court in *Hudson v. King Brothers* (1887), 23 Ill. App. 118, 122, stated that the family expense statute:

"*** does not limit the liability *** to expenditures for *necessary* family expenses; it applies to the expenses of the family without limitation or qualification as to kind or amount, and does not depend upon the wealth, habits or social position of the party."

(See also *White v. Neeland* (1983), 114 Ill. App. 3d 174, 448 N.E.2d 649; *Louis Berman; O'Haran v. Leiner* (1940), 306 Ill. App. 230, 28 N.E.2d 315.) Therefore, even if the carpeting should be considered a luxury, that alone does not prevent its cost from being a family expense.

## SPOUSE'S CONSENT

■ Next, Edward argues that the cost of the carpeting is not a family expense because he did not consent to the purchase of the carpeting. Once again we disagree. The statute does not contain an express consent requirement and the courts have not interpreted it as containing an implicit consent requirement. (See *Carson Pirie Scott; Hudson.*) In short, whether or not the spouse consented to the expense does not determine whether the expense is a family expense.

CONCLUSION

In conclusion, we find that the cost of the carpeting was a family expense within the scope of the family expense statute. Therefore, we reverse and remand this case to the circuit court with directions to enter an order consistent with this decision.

Reversed and remanded with directions.

WEBBER, P.J., and MILLER, J., concur.