*In re* ESTATE OF THOMAS ARTHUR McGLOON, Deceased (Edna Mae McGloon, Claimant-Appellant, v. James J. Zmigrocki, Ex'r, *et al.*, Respondents-Appellees).

First District (2nd Division)   No. 1—88—1600

Opinion filed November 28, 1989.

Rothschild, Barry & Myers, of Chicago, for appellant.

Anthony J. Kogut, of Des Plaines, for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Claimant, Edna Mae McGloon (Edna), appeals from an order of the circuit court of Cook County dismissing her claim against the estate of Thomas Arthur McGloon. On appeal, Edna contends that she is entitled to be reimbursed by the estate for unpaid support.

The various pleadings and documents filed in this case indicate that Thomas Arthur McGloon died testate on August 8, 1987. He was survived by his wife, Edna, and his adult daughter, Marianne Williams. His will was admitted to probate, and James J. Zmigrocki was appointed independent executor. The will provides that Edna would receive 34% of the estate, Marianne would receive 22% of the estate, decedent's sister, Margaret, would receive 22%, and decedent's friend, Gladys Anthony, would receive 22%.

Edna filed a claim against the estate for $120,000. In her claim and memorandum in support, she alleges that she and decedent were married in 1942, decedent abandoned her in 1946, and, thereafter, decedent failed and refused to support her. She alleges that decedent made between $86,000 and $100,000 per year from 1982 to 1986, that she has lived on a small pension and social security since 1977, and that in recent years she has resided in subsidized housing. Edna claimed $2,000-per-month support for the five-year period immediately prior to decedent's death. She later modified her claim to reflect the amount actually expended by her for "necessaries" for the years in question, to wit, $37,459. Executor Zmigrocki and legatees Gladys Anthony and Margaret McGloon Smith filed motions to strike and dismiss Edna's claim. Following a hearing on the surviving spouse's

award and the motions to dismiss Edna's claim, Edna was awarded $13,500 as surviving spouse, and the $37,459 claim was dismissed.

Edna appeals the dismissal of her claim for support, contending that a husband has a common-law duty to support his wife and provide her necessaries and decedent failed to fulfill that duty. She contends that decedent had an obligation to her, that an obligation which one must meet with one's own funds is a debt, and that an unsatisfied debt is an appropriate basis for a claim against an estate.

The executor and legatees (respondents) contend that section 15–1 of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 15–1) provides the exclusive remedy for a spouse seeking a support award from a deceased spouse's estate. They contend that support or maintenance is a creature of statute and that Edna had statutory remedies for support that she could have pursued during decedent's lifetime. She did not pursue those remedies, however, and she never obtained a support order. In the absence of a court order for support entered during decedent's life, the respondents conclude, Edna has no cause of action against the estate for support allegedly due her during decedent's lifetime, and she is limited to a surviving spouse's award.

Edna responds that the statutory support provisions only provide for future or post-death support and her claim is for predeath support. She bases her claim on the common-law doctrine that a husband has a duty to supply his wife with necessaries. She contends that the existence of statutory support provisions does not affect the common-law duty and does not bar her action to enforce her common-law right to necessaries.

Edna relies heavily on the case of *Bennett v. Bennett* (1960), 27 Ill. App. 2d 24. In *Bennett*, the husband was the conservator of his incompetent wife's estate. The wife/ward was confined for a period of time in the Peoria State Hospital. As a result of this confinement, the Illinois Department of Public Welfare (the Department) filed a claim against her estate for the amount expended by the Department for her care. The probate court approved payment of $1,640 to the Department from the estate and also approved a $106 payment to the husband/ conservator to reimburse him for advances he had made "for clothing and other necessities" for the wife/ward. The wife/ward objected to the conservator's final report, contending that her husband, not her estate, was liable for the $1,640 cost of her confinement and the $106 in necessaries. She relied on the common-law proposition that a husband is responsible for his wife's necessaries. The appellate court agreed with the wife/ward and held that hospitalization falls within the category of necessaries, that a husband has a com-

mon-law duty to supply his wife's necessaries, and that this duty is not altered by the fact that the wife has ample means to finance the necessaries herself. The husband was required to reimburse the wife's estate for the amount the estate expended for the necessaries.

Significantly, the husband in *Bennett* argued that, pursuant to section 15 of "An Act to revise the law in relation to husband and wife" (family expense statute) (Ill. Rev. Stat. 1959, ch. 68, par. 15), the wife had a joint responsibility with him for the expenses and the claim was properly paid from her funds. The court held that although the family expense statute provided to third parties a remedy against both spouses for expenses, as between husband and wife the duty to supply necessaries still rested with the husband and a wife had a right to reimbursement if her husband breached that duty.

■■ ■ We believe that the doctrines relied on in *Bennett* are no longer the law in Illinois. Edna admits that pursuant to section 18 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §18), which prohibits discrimination on the basis of sex, *either* spouse may be required to provide necessaries for the other. We agree. Support obligations are no longer imposed on the basis of gender. Statutory provisions setting out support obligations are consistent with the constitutional mandate and impose support obligations on husbands and wives equally. (See Ill. Rev. Stat. 1987, ch. 23, par. 10–2 ("A husband is liable for the support of his wife and a wife for the support of her husband"); Ill. Rev. Stat. 1987, ch. 40, par. 504(a) ("the court may grant a maintenance order for either spouse"); Ill. Rev. Stat. 1987, ch. 40, par. 1101 ("Every person who shall, without any lawful excuse, neglect or refuse to provide for the support or maintenance of his [or her] spouse, said spouse being in need of such support or maintenance, *** shall be deemed guilty of a Class A misdemeanor").) Clearly, common-law doctrines which impose a duty of support solely on the husband are inconsistent with the constitutional mandate and the statutory scheme and are no longer valid.

■■ ■ Furthermore, in *Bennett*, the wife was able to retain reimbursement for necessaries without a showing of need. Statutory support provisions now require a showing of need before spousal support can be awarded. Section 504(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 504(a)) provides that courts may provide maintenance in certain proceedings only upon a finding that the spouse seeking maintenance lacks sufficient property to provide for his reasonable needs and is unable to support himself. Section 1 of the Non-support of Spouse and Children Act (Ill. Rev. Stat. 1987, ch. 40, par. 1101) imposes liability on a spouse for

nonsupport only when the other spouse is in need of such support or maintenance. Clearly, courts are now required to consider the parties' relative financial situations before awarding support under these statutes. Inasmuch as *Bennett* permits a support award in the absence of a showing of need, it is inconsistent with the statutory support scheme, and we conclude that it is not the law in Illinois today.

We believe, again contrary to *Bennett*, that analysis of the facts of this case in light of the family expense statute (now Ill. Rev. Stat. 1987, ch. 40, par. 1015) indicates that Edna does not have a valid claim against her husband's estate.

The relevant portion of the family expense statute exists today in the same form it did when *Bennett* was decided in 1960. The statute provides, in relevant part:

> "The expenses of the family *** shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1987, ch. 40, par. 1015.)

As the *Bennett* court pointed out, the statute provides third parties a remedy against both spouses for expenses. (*Bennett*, 27 Ill. App. 2d at 29.) However, the statute establishes that both husband and wife are jointly and severally liable for expenses of the family. (*White v. Neeland* (1983), 114 Ill. App. 3d 174, 175.) Family expenses include necessaries. (*White*, 114 Ill. App. 3d at 175.) Although Edna and her husband lived apart, expenses incurred to supply a wife with necessaries are family expenses under the statute if she was living apart from her husband through no fault of her own. (See *Abraham Lincoln Memorial Hospital Corp. v. Gordon* (1969), 111 Ill. App. 2d 179, 184-85.) Under the family expense statute, both Edna and decedent had an obligation to pay for her necessaries. Edna's claim against decedent's estate is in the nature of an action for a contribution for the amounts she expended for her necessaries. Where a statute imposes a several liability, there can be no action for contribution by one severally obligated. (*Shapiro v. Chernoff* (1972), 3 Ill. App. 3d 396, 406.) When one obligated under the family expense statute voluntarily pays family expenses, those voluntary payments are not reimbursable. *In re Marriage of Van Winkle* (1982), 107 Ill. App. 3d 73, 80.

We conclude that common-law doctrine does not support Edna's claim against her deceased husband's estate, and, further, her individual liability under the family expense statute precludes an action against the estate for reimbursement for payments she made for her own support.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

NASH and DUNN, JJ., concur.