CENTRAL ILLINOIS LIGHT COMPANY, Petitioner-Appellant, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.—CENTRAL ILLINOIS LIGHT COMPANY, Petitioner-Appellant, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.

Third District   Nos. 3—90—0084, 3—90—0085 cons.

Opinion filed August 23, 1990.

Timothy W. Kirk, of Peoria, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield, and Prairie State Legal Services, Inc., of Peoria (Kathleen Nolan, Special Assistant Attorney General, of Chicago, and Susan Dawson-Tibbits, of counsel), for respondents.

JUSTICE GORMAN delivered the opinion of the court:

Central Illinois Light Company (CILCO) appeals from two Illinois Commerce Commission (Commission) rulings. We affirm.

Teresa Petty was married to Joseph C. Petty on April 26, 1986, in Peoria County, Illinois. Teresa and Joseph separated in June 1987 and have maintained separate residences since that time. Joseph incurred a bill for utility services with CILCO in the amount of $521.23 for gas and electric service at 1004 W. McBean in Peoria, Illinois, from August 13, 1986, through May 13, 1987. Teresa never resided at the 1004 W. McBean address. She resided at 1110 W. Rice and 1008 W. Rice in Peoria, Illinois, from August 13, 1986, through May 13, 1987.

Luella Burnside was married to Kevin A. Burnside on June 19, 1982, in Peoria County, Illinois. Luella and Kevin were separated in September 1983 and have since maintained separate residences. Kevin incurred a bill for utility services with CILCO in the amount of $1,635.24 at 1816 W. Butler, Peoria, Illinois, for gas and electric service from October 25, 1983, through May 2, 1984. Luella never resided at the 1816 W. Butler address. She resided at Warner Homes in Peoria, Illinois, during this time.

Kevin and Luella were divorced on August 26, 1987, in Peoria County, Illinois. The Burnsides' judgment of dissolution of marriage requires Kevin to assume and pay all of the debts incurred by Luella for her necessary living expenses prior to the entry of that order.

Luella and Teresa applied for utility service with CILCO. CILCO refused to provide said utility service due to their failure to pay the past-due bills incurred by their husbands. Luella and Teresa each filed

a verified complaint against CILCO with the Commission requesting that the Commission order CILCO to accept their applications for utility service and determine that they are not responsible for the outstanding bills incurred by their former or estranged husbands. CILCO maintained that under section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1987, ch. 40, par. 1015) (Family Expense Act), Luella and Teresa were liable for the outstanding utility bills of their former or estranged husbands. The Commission entered orders in favor of Luella and Teresa. CILCO appeals.

One issue is raised: The liability of a wife under the Family Expense Act for a utility services debt incurred by her husband during a separation.

■ Section 15 (Ill. Rev. Stat. 1987, ch. 40, par. 1015) provides in pertinent part:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or if either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The statute in question addresses two types of expenditures: expenses of the family and education of the children. It is the former that is at issue here. CILCO contends that electricity and natural gas service constitute "expenses of the family." Citing *Fortner v. Norris* (1958), 19 Ill. App. 2d 212, 153 N.E.2d 433, CILCO argues that as these were expenses of the family, the Family Expense Act applies irregardless of the fact that the parties were separated at the time utility service was rendered.

■ Several courts have commented on what constitutes a "family expense" for purposes of the statute. In *Louis Berman & Co. v. Dahlberg* (1948), 336 Ill. App. 233, 83 N.E.2d 380, the court looked to whether the expenditure was incurred for, on account of, and to be used in the family and also to whether the expenditure was for an article used or kept for use in the family. In *Carson Pirie Scott & Co. v. Hyde* (1968), 39 Ill. 2d 433, 436, 235 N.E.2d 643, our supreme court stated that "family expenses" constituted "expenses for articles which conduce in a substantial manner to the welfare of the family generally and tend to maintain its integrity." Most recently, in *White v. Neeland* (1983), 114 Ill. App. 3d 174, 176, 448 N.E.2d 649, this court stated that "the ultimate issue focuses upon who benefited from the expenditure."

■ Applying these principles to the facts of the cases before us, it is apparent that the utility costs incurred by the husbands were not "family expenses." The utility expenses were incurred after the par-

4

ties had separated, in homes where the wives never resided. It cannot be said that the utility expenses contributed to the welfare of the family generally or that the expenses served to maintain the integrity of the family unit. Further, it is clear that it was the husbands alone who benefitted from the expenditures.

Accordingly, we find that the Commission properly held that Luella and Teresa were not liable for the outstanding utility bills of their former or estranged husbands pursuant to the Family Expense Act. The orders of the Illinois Commerce Commission are affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.