NATIONAL ACCOUNT SYSTEMS, INC., Plaintiff-Appellee, *v.* JOAN G. ANDERSON, Director, Department of Registration and Education, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 79-868

Opinion filed March 7, 1980.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellants.

Beryl A. Birndorf, of Chicago, and David M. Hecht and Bruce M. Lentz, both of Hecht & Cheney, of Grand Rapids, Michigan, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

National Account Systems, Inc. (National), a collection agency, brought this action against Joan G. Anderson, the Director of the Department of Registration and Education (Director), and the Department of Registration and Education (Department) itself, seeking to enjoin the defendants from taking any further action to suspend or revoke National's certificate of registration to operate in this State. National also sought to have Rule 22.12 of the Rules and Regulations Promulgated for the Administration of the Collection Agency Act (1976) declared unconstitutional. The trial court held Rule 22.12 unconstitutional and issued the injunction. On appeal, defendants contend that: (1) equitable relief was improperly granted while administrative proceedings were pending; (2) Rule 22.12, which provides for a remand, is valid; and (3) the trial court usurped the Director's statutory authority in rendering its decision. We affirm in part. The facts are as follows.

In March 1977 the Department initiated proceedings to suspend or revoke National's license. A hearing officer was appointed and, following a full hearing, he submitted a preliminary statement, findings of fact and conclusions of law to the Director on October 13, 1977. The hearing officer recommended that National's license not be suspended or revoked. On November 9, 1977, the Department filed a motion with the Director asking for a rehearing of the matter. The Director heard arguments on the motion on January 11, 1978. On February 24, 1978, she issued an order refusing to adopt the hearing officer's recommendations for specific reasons. Acting pursuant to Rule 22.12, the Director referred

the matter back to the hearing officer "for the purpose of correcting errors and correcting the Findings of Fact and reconsidering the Recommendations to the Director * * *."

On March 14, 1978, National filed suit in the circuit court of Cook County to obtain judicial review under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 264 through 279.) On August 7, 1978, the court dismissed National's action, finding that the Director's order of February 24, 1978, was not a final order but that National had not waived any future judicial review of the matter.

On September 11, 1978, the hearing officer issued his restated findings of fact, conclusions of law and recommendations to the Director, again recommending that National's license be neither suspended nor revoked. Notice of the hearing officer's reconsidered decision was sent to National on September 29, 1978.

On January 5, 1979, National was served with notice that on December 29, 1978, the Director had rejected the hearing officer's restated findings, conclusions and recommendations. Again acting pursuant to Rule 22.12, the Director referred the matter to a new hearing officer "to review the record, transcripts and exhibits in this cause as well as any further evidence argument [sic] presented by the Respondent or the Department and submit new Findings of Fact, Conclusions of Law and Recommendations * * *."

National brought the instant action seeking equitable relief on February 2, 1979. After being directed to proceed with the second rehearing on March 16, 1979, National then filed a motion on February 26, 1979, seeking a preliminary injunction. The motion was granted the same day.

The trial court issued its final order on March 8, 1979, finding that the referral of the case to a new hearing officer was "not designed to correct error, clarify policy or reconcile conflict" and that the Director had used Rule 22.12 for a "multiplicity of re-references and not for the presentation of '* * * further evidence or argument * * *'." The trial court also concluded that the Director's re-referral of the administrative action was an abuse of her discretion and that further attempts by National to exhaust its administrative remedies would be "futile." The court found Rule 22.12 to be unconstitutional, both on its face and as applied to National, and enjoined defendants from any further action in the proceedings in the matter initiated March 7, 1977, to suspend or revoke National's license.

OPINION

Defendants first contend that the trial court improperly granted equitable relief while administrative proceedings were pending, relying

on the long-standing principle that a party involved in an administrative action must ordinarily exhaust all available administrative remedies before seeking relief from the courts. (*Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 459.) The rule is not without its exceptions, however, and National maintains that it has established sufficient cause to warrant an exception to the exhaustion doctrine. We agree.

Exceptions to the exhaustion rule have been allowed where a statute, ordinance or rule is challenged as unconstitutional on its face (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223), where multiple remedies exist before the same zoning board and at least one has been exhausted (*Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 155 N.E.2d 47), where irreparable harm will result from further pursuit of administrative remedies (*Peoples Gas Light & Coke Co. v. Slattery* (1939), 373 Ill. 31, 25 N.E.2d 482), and where an administrative body's jurisdiction is attacked on its face on the ground that it is not authorized by statute. *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258.

■■ National alleges that the actions of defendants in ordering a second rehearing violate Rule 22.12 and constitute an abuse of discretion. It further alleges that the rule has been unconstitutionally applied and that Rule 22.12 itself is void in that it violates both the Illinois and United States constitutions and thereby exceeds defendants' authority to promulgate rules. Defendants maintain that National's challenge to the facial validity of Rule 22.12 is mere surplusage and that National has failed to establish irreparable injury or an inadequate remedy at law. We conclude that equitable relief was appropriate here in spite of the pending administrative proceedings, for National has shown the inadequacy of available legal remedies, the futility of pursuing relief through administrative channels and the likelihood of irreparable injury if the courts do not intervene.

National clearly has no adequate remedy at law. As the court stated in *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 549, 370 N.E.2d 223, 227:

> "* * * For there to be an adequate remedy at law which will deprive equity of its power to grant injunctive relief, the remedy 'must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy.' (*K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 1021.) * * *."

National's only alternative to equitable relief is to participate in the second rehearing, and any subsequent rehearings ordered by the Director

until she enters a final order. If her final ruling is against National, then National may seek relief under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 264 through 279.) If the Director's final order is favorable to National, then National cannot avail itself of the Administrative Review Act, although National's challenge has been to the validity of the multiple rehearings. National's constitutional challenge might never be heard, then, for it becomes moot once the Director's decision becomes final.

Furthermore, with each rehearing National must incur additional expenses which ordinarily are not recoverable in an action at law. At trial, defendants took the position that, under Rule 22.12, the Director can conceivably subject National to innumerable rehearings until she is satisfied with the hearing officer's findings and recommendations. Although counsel for defendants on appeal did not adopt trial counsel's position, it was conceded during oral argument that defendants have neither established nor published a definite statement limiting the number of remands. It would also be entirely possible to use the repeated rehearings to accomplish indirectly what could not be done directly. That is, while a director may recognize that a record does not justify the suspension or revocation of a license, a licensee could be forced through repeated rehearings, its resources being drained to the point that it could no longer operate, although the licensee may still ultimately prevail. Here, National could emerge as the successful party, but its victory under such circumstances would be pyrrhic indeed. We are aware that the damages thus incurred by National cannot be readily and immediately measured as were the damages in *Peoples Gas Light & Coke Co. v. Slattery* (1939), 373 Ill. 31, 25 N.E.2d 482, but they are no less real. National's remedies at law are neither clear, complete nor practical and not to allow the judicial exercise of its equitable powers here would be to leave National without any real remedy at all.

Our supreme court discussed the reasons for the exhaustion doctrine and its exceptions in *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737, noting that the exhaustion rule allows the facts to be fully developed before the agency, gives the agency the opportunity to exercise its expertise and obviates the need for judicial review should the aggrieved party succeed before the agency. The rule is also designed "to allow administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before seeking judicial relief." (*W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App. 3d 864, 866, 306 N.E.2d 595, 597.) None of these purposes would be served here by strict adherence to the exhaustion rule. Defendants have had the opportunity to exercise both their expertise and their discretion and have unequivocally shown that the Director's interpretation of Rule 22.12

allows an indefinite number of rehearings. In *W. F. Hall Printing Co.*, this court found an exception to the exhaustion rule by virtue of finding that further pursuit of administrative remedies would be futile. This rationale also forms the basis for the exception to the rule in zoning matters where multiple remedies exist before the same zoning board and at least one has been exhausted. (See, *e.g.*, *Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 155 N.E.2d 47.) Through their actions, defendants have demonstrated that National's pursuit of administrative remedies would serve no purpose toward resolving the question of the validity of Rule 22.12. As the court stated in *Herman v. Village of Hillside*, (1958), 15 Ill. 2d 396, 408, 155 N.E.2d 47, 53:

> "To insist on the additional useless step [to exhaust administrative remedies] would merely give lip service to a technicality and thereby increase costs and delay the administration of justice, which is the very thing we are trying to avoid."

Having thus found that National established ample grounds for the trial court to exercise its jurisdiction while administrative proceedings were pending, we need not consider defendants' contention that National's constitutional challenge to Rule 22.12 was insufficient to warrant an exception to the exhaustion rule. We will consider, however, the trial court's ruling as to the constitutionality of Rule 22.12.

Rule 22.12 reads in pertinent part:

> "Further Hearing—If the Director does not agree with the findings, conclusions or recommendations of the hearing officer following the conclusion of a hearing regarding denial, revocation or suspension of a Certificate of Registration, he may refer the matter back to the same hearing officer or another hearing officer in order that the Department or the respondent, or both, shall be given an opportunity to present further evidence or argument, or both.* * *."

National's attack on the constitutionality of Rule 22.12 is addressed to that portion of the rule providing for referral for another hearing. We hold that the trial court erred in finding that Rule 22.12 is unconstitutional on its face. Nonetheless, we conclude that the Director's construction of the rule is improper in that it exceeds her statutory authority and constitutes a denial of due process.

The Collection Agency Act specifically authorizes the Director to make and enforce "all reasonable procedural rules and regulations as shall be necessary for the administration of this Act" (Ill. Rev. Stat. 1977, ch. 111, par. 2038), and there is nothing in the Act to prevent the Director from remanding the cause for a rehearing. On its face, then, Rule 22.12 is merely a procedural rule and, as such, it enjoys a presumption of validity. (See *People ex rel. Colletti v. Pate* (1964), 31 Ill. 2d 354, 359, 201 N.E.2d

390, 393.) It is in the Director's contention that she may continue to remand a cause for an indeterminate number of rehearings that the rule's constitutional infirmity arises.

■■ Administrative rules promulgated pursuant to statutory authority are invalid if they do not comply with the law of the State. (*Commonwealth Edison Co. v. Pollution Control Board* (1974), 25 Ill. App. 3d 271, 323 N.E.2d 84, *rev'd in part on other grounds* (1976), 62 Ill. 2d 494, 343 N.E.2d 459.) The issuance of a license to operate a business creates a property right in the license itself (see, *e.g., People v. Brown* (1950), 407 Ill. 565, 95 N.E.2d 888; *Schireson v. Walsh* (1933), 354 Ill. 40, 187 N.E. 921) and that property right is therefore protected by the due process clauses of the Illinois and United States constitutions. (Ill. Const. 1970, art. I, §2; U. S. Const., amend. XIV.) As we discussed earlier in this opinion, the repeated remands for rehearings make it possible for the financial stability of a business to erode to the point that it can no longer afford to operate. A company could thus be put out of business without evidence sufficient to support a revocation of its license. Repeated remands without specific objections clearly indicate to the hearing officer the Director's dissatisfaction with the prior findings and recommendations and the Director's desire for a contrary result. The rule as construed by the Director thus becomes substantive as well as procedural, for a licensee is entitled to a full and impartial hearing without the appearance that the proceeding was aimed at establishing its guilt. (*Lavin v. Civil Service Com.* (1974), 18 Ill. App. 3d 982, 988, 310 N.E.2d 858, 863, and cases there cited.) We therefore hold that the language of Rule 22.12 providing for referral "following the conclusion of a hearing regarding denial" must be construed to provide for a single rehearing without the possibility of subsequent referrals following the conclusion of that rehearing. To hold otherwise would be to allow any Director to affect the property rights of license holders while insulating her actions from judicial scrutiny. Such broad and unfettered discretion is frowned upon as a violation of due process (see, *e.g., White v. Roughton* (7th Cir. 1976), 530 F.2d 750, 753-54; also see generally 2 Davis, Administrative Law ch. 8 (2d ed. 1979)), and thus exceeds the Director's authority under the Collection Agency Act (Ill. Rev. Stat. 1977, ch. 111, pars. 2001 through 2040).

■ Finally, turning to the injunctive relief granted by the trial court, we hold that the trial court encroached upon the Director's authority. At the time of the court proceedings, the Director had not yet entered a final order in the administrative matter pending against National. By permanently enjoining defendants from taking any other action in the administrative matter which formed the basis of the instant action, the trial court in effect finalized the proceedings by determining that National shall retain its license. That decision is one which is reserved for the

Director's discretion under the Collection Agency Act (Ill. Rev. Stat. 1977, ch. 111, par. 2037) and the trial court should therefore not have substituted its judgment for the Director's with regard to the status of National's license. See *Illinois Bell Telephone Co. v. Fox* (1949), 402 Ill. 617, 85 N.E.2d 43.

We agree with defendants that the Director may accept or reject the hearing officer's findings, and she should not be prevented from exercising her authority to do so. Accordingly, we conclude that the trial court erred insofar as it enjoined the Director from entering a final order based on the record supplied on September 11, 1978, following the first rehearing.

For the reasons stated, that portion of the order of the circuit court enjoining further re-references to any hearing officers is affirmed. Those portions of the order declaring Rule 22.12 invalid and unconstitutional on its face and enjoining defendants from taking any action to suspend or revoke National's license are reversed. The cause is remanded to the circuit court with directions to enter an order directing defendants to proceed to a final decision based on the record of all proceedings, up to and including the rehearing report submitted on September 11, 1978.

Affirmed in part; reversed in part; remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.