FILIPPO ALIPERTO, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 79-1647

Opinion filed November 25, 1980.

William J. Scott, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellants.

Zemel & Shapiro, of Chicago (Rebecca Janowitz, of counsel), for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Joan G. Anderson, the Director of the Department of Registration and Education (hereinafter referred to as the Director), and the Department of Registration and Education (hereinafter referred to as the Department), appeal from an order of the circuit court of Cook County permanently enjoining them from taking any further action to suspend or revoke Filippo Aliperto's certificate of registration to practice barbering in this State. The following issues are presented for review: (1) whether equitable relief was improperly granted while administrative proceedings were pending; (2) whether the trial court properly interpreted and construed sections 51 and 52 of the Illinois Barbers Law (Ill. Rev. Stat. 1979, ch. 111, pars. 1658 and 1659)[1] and; (3) whether the trial court in rendering its decision improperly encroached upon the Director's statutory authority.

For reasons hereinafter set forth we affirm in part, reverse in part and remand with directions.

On August 26, 1977, the Department initiated proceedings to suspend or revoke Aliperto's license. Following a hearing held on October 17, 1977, before the Barber Examining Committee (hereinafter referred to as the Committee), the Committee submitted its findings of fact and conclusions of law to the Director on December 19, 1977. These findings of fact and conclusions of law were signed by only two members of the five-member Committee. The Committee recommended that Aliperto's license be suspended for 30 days. This recommendation (unlike the findings of fact and conclusions of law) was signed by three members of the five-member Committee.

On May 1, 1978, the Director, acting pursuant to section 52 of the Illinois Barbers Law, issued an order adopting the Committee's findings of fact and conclusions of law. However, the Director, "satisfied that the Findings of Facts and Conclusions of Law warrant the most drastic disciplinary action" and that "substantial justice has not been done," ordered the Committee to reconsider its recommendation and return a recom-

---

[1] The Illinois Barbers Law was transferred without modification from Ill. Rev. Stat. 1975, ch. 16 3/4, par. 14.35 *et seq.* to Ill. Rev. Stat. 1977, ch. 111, par. 1601 *et seq.*

mendation consistent with her order. On June 19, 1978, the Committee, upon reconsideration, and without further hearing, "readopt[ed]" and "reaffirm[ed]" its findings of fact and conclusions of law but "withdr[e]w" its previous recommendation and in its stead recommended that Aliperto's license be revoked. Notice of the Committee's reconsidered recommendation was sent to Aliperto on August 30, 1978, and subsequently on September 11, 1978, he filed a petition for rehearing.

On December 14, 1978, Aliperto withdrew his petition for rehearing and in its stead filed a "Petition To Declare Certain Actions Of The Committee And Director Of The Department Of Registration and Education Null And Void And To Dismiss The Proceedings Herein." In the petition Aliperto requested that the Department declare the prior administrative proceedings null and void because the Committee's December 19, 1977, findings of fact and conclusions of law were not signed by a majority of the Committee members. On December 29, 1978, the Director denied Aliperto's petition, but finding that "substantial justice had not been done," voided both the Committee's December 19, 1977, findings of fact, conclusions of law, and recommendation to suspend Aliperto's license for 30 days, and the Committee's August 7, 1978, reconsidered recommendation to revoke Aliperto's license. The Director, again acting pursuant to section 52 of the Illinois Barbers Law, ordered that Aliperto be given a rehearing before the Committee. Aliperto was subsequently notified that his rehearing would be held on June 18, 1979.

On June 6, 1979, Aliperto filed the instant action seeking to permanently enjoin both the Director and the Department from taking any further action to suspend or revoke Aliperto's license.[2] On June 15, 1979, Aliperto filed a petition for temporary injunction which was granted that same day.

The trial court issued its final order on September 18, 1979, finding that section 52 of the Illinois Barbers Law read in conjunction with section 51 of the Illinois Barbers Law "clearly and unambiguously states that the DIRECTOR * * * may [order] a rehearing only within 20 days after the accused received service of the COMMITTEE'S Findings of Fact and Recommendations to the DIRECTOR," and that "[a]fter that twenty-day period has expired, the COMMITTEE's Findings and Recommendations are final." The trial court concluded therefrom that the Committee's December 19, 1977, findings of fact and recommendation "became a final and administrative decision [on January 9, 1978,] twenty days after [Aliperto] received service" of the findings and recommendations; and that such a final administrative decision is subject only to judicial review pursuant to the provisions of the Administrative Review Act. The trial

---

[2] Although the June 6, 1979, complaint for injunction named only the Department as defendant, it was subsequently amended to name the Director as an additional defendant.

court further concluded that the actions of the Director and the Committee subsequent to January 9, 1978, are null and void, and enjoined the Director and the Department from taking any further action to suspend or revoke Aliperto's license.

## I.

The Director and the Department first contend that the trial court improperly granted equitable relief while administrative proceedings were pending, relying on the long-standing principle that a party involved in an administrative action must ordinarily exhaust all available administrative remedies before seeking relief from the courts. (*Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 459; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) The rule is not without its exceptions, however, and Aliperto maintains that he has established sufficient cause to warrant an exception to the exhaustion doctrine.

Exceptions to the exhaustion rule have been allowed where a statute, ordinance or rule is challenged as unconstitutional on its face (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223; *Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270); where multiple remedies exist before the same zoning board and at least one has been exhausted (*Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 155 N.E.2d 47); where irreparable harm will result from further pursuit of administrative remedies (*Peoples Gas Light & Coke Co. v. Slattery* (1939), 373 Ill. 31, 25 N.E.2d 482); and where an administrative body's jurisdiction is attacked on its face on the ground that it is not authorized by statute (*Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258).

■ The Director and the Department contend that Aliperto has challenged neither the facial validity of section 52 of the Illinois Barbers Law nor the jurisdiction of the Department. They also maintain that Aliperto failed to establish irreparable injury or an inadequate remedy at law. We conclude that equitable relief was appropriate here in spite of the pending administrative proceedings, for Aliperto has shown the inadequacy of available legal remedies, the futility of pursuing relief through administrative channels and the likelihood of irreparable injury if the courts do not intervene.

Aliperto has no adequate remedy at law. As the court stated in *Bio-Medical Laboratories, Inc. v. Trainor*:

> "For there to be an adequate remedy at law which will deprive equity of its power to grant injunctive relief, the remedy 'must be clear, complete and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy.' (*K.F.K.*

*Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 1021.) * * *." (68 Ill. 2d 540, 549.)

Aliperto's only alternative to equitable relief is to participate in the rehearing and any other rehearings or "reconsiderations" ordered by the Director until she enters a final order. If the Director's final ruling is against Aliperto, then he may seek relief under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, pars. 264 through 279). If the Director's final order is favorable to Aliperto, then he cannot avail himself of the Administrative Review Act, although his challenge has been to the validity of the Director's use of section 52. Aliperto's challenge might never be heard because it becomes moot once the Director's decision becomes final. See *National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 237, 402 N.E.2d 656.

Furthermore, with each "reconsideration" and rehearing Aliperto must further endure, in the words of the trial court judge, "the cruel and endless purgatory-like state of never knowing when and if his license would be taken away." Although the Director and the Department submit on appeal that the time within which the Director may order a rehearing is not limitless but must be reasonable, they apparently have neither established nor published a definite statement limiting the time within which a rehearing must be held. They further argue that whether the Director acted within a reasonable time is dependent upon the factual situation of each case. Such broad and unfettered discretion provides an accused with no barometer by which he may measure, without judicial intervention, the reasonableness of the time which has elapsed between the Committee's recommendation and the Director's order directing a rehearing. Aliperto's remedies at law are neither clear, complete nor practical and not to allow the judicial exercise of equitable powers here would be to leave Aliperto without any real remedy.

Our supreme court discussed the reasons for the exhaustion doctrine and its exceptions in *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737, noting that the exhaustion rule allows the facts to be fully developed before the administrative agency, gives the agency the opportunity to exercise its expertise and obviates the need for judicial review should the aggrieved party succeed before the agency. The rule is also designed "to allow administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before seeking judicial relief." (*W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App. 3d 864, 866, 306 N.E.2d 595.) None of these purposes would be served here by strict adherence to the exhaustion rule. The Director and the Department have had their opportunity to exercise both their expertise and their discretion and have unequivocally shown that the Director's interpretation of section 52 permits an indefinite number of

"reconsiderations" and rehearings without prescribed time limitation. In both *National Account Systems, Inc.* and *W. F. Hall Printing Co.*, this court found an exception to the exhaustion rule by virtue of the finding that further pursuit of administrative remedies would be futile. Through their actions, the Director and the Department have demonstrated that Aliperto's pursuit of administrative remedies would serve no purpose toward resolving the question of the validity of their interpretation of section 52. As the court stated in *Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 408, and reiterated in *National Account Systems, Inc.*:

> "To insist on the additional useless step [to exhaust administrative remedies] would merely give lip service to a technicality and thereby increase costs and delay the administration of justice, which is the very thing we are trying to avoid." 82 Ill. App. 3d 233, 238.

Having thus found that Aliperto established ample grounds for the trial court to exercise its jurisdiction while administrative proceedings were pending, we next consider the trial court's interpretation of section 52.

## II.

Section 51 of the Illinois Barbers Act provides in pertinent part:

> "The Barber Committee shall present to the Director a written report of its findings and recommendations. A copy of such report shall be served upon the accused person, either personally or by registered mail. Within twenty days after such service, said accused person may present to the Department his motion in writing for a rehearing, which written motion shall specify the particular grounds therefor."

Section 52 reads in pertinent part:

> "Whenever the Director is satisfied that substantial justice has not been done, he may order a rehearing by the same or another special committee. At the expiration of the time specified for filing a motion for a rehearing, the Director shall have the right to take the action recommended by the Committee."

The trial court found that section 52 "clearly and unambiguously states that the DIRECTOR * * * may [order] a rehearing only within 20 days after the accused receives service of the COMMITTEE's Findings of Fact and Recommendations to the DIRECTOR." On appeal the Director contends that she "possesses a reasonable amount of time within which to make this determination." She further contends that the question of reasonableness is dependent upon the facts presented.

■■ It is unnecessary for us to decide whether section 52 requires the Director to order a rehearing within the 20-day period, for it is our

opinion that in the case at bar she did not act within a reasonable amount of time. 132 days had elapsed between the date the Committee filed its findings of fact, conclusions of law and recommendation and the date the Director ordered "reconsideration." The Director has provided this court with no justification or explanation for such delay except that she is charged with the duty of licensing and regulating 66 trades, professions and services. This explanation alone is not sufficient to excuse such delay and to thwart the prompt administration of justice. As previously noted, the Department apparently has neither established nor published a definite statement limiting the time within which a rehearing must be held. Nor does the Department direct our attention to any authority which would serve as a guide to determine reasonableness.

## III.

■■ Finally, turning to the injunctive relief granted by the trial court, we conclude that the trial court encroached upon the Director's authority. At the time of the court proceedings, the Director had not yet entered a final order in the administrative matter pending against Aliperto. By permanently enjoining the Director and the Department from taking any other action in the administrative matter which formed the basis of the instant action, the trial court in effect finalized the proceedings determining that Aliperto's license should be suspended for 30 days. (*National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 239.) That decision appears to be one reserved for the Director's discretion. Section 4 of the Civil Administrative Code (Ill. Rev. Stat. 1977, ch. 127, par. 4) provides that the Director shall execute the powers and discharge the duties vested by law in the Department. Section 60a of the Civil Administrative Code (Ill. Rev. Stat. 1977, ch. 127, par. 60a) provides in pertinent part:

"The action or report in writing of a majority of the committee designated for any given trade, occupation or profession, shall be sufficient authority upon which the Director of Registration and Education may act."

Section 52 of the Illinois Barbers Law provides in part that "[a]t the expiration of the time specified for filing a motion for rehearing, the Director shall have the right to take the action recommended by the Committee." It is our opinion that these statutes do not require the Director to adopt the recommendation of the Committee. We agree with the Director that she may accept or reject the Committee's recommendation, and she should not be prevented from exercising her authority to so do. (See *National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 240.) Accordingly, we conclude that the trial court should not have substituted its judgment for that of the Director and that the trial court erred insofar as it enjoined the Director from entering a final order based

upon the Committee's December 19, 1977, findings of fact, conclusions of law and recommendation. In conjunction therewith we note that although these findings of fact and conclusions of law were signed by only two members of the five-member Committee, the recommendation to the Director was signed by three members of the same Committee and provided that those three members "deliberated at the conclusion of the presentation of all the evidence * * * and did then make certain Findings of Fact and Conclusions of Law * * *." In light thereof the absence of the third signature on the findings of fact and conclusions of law does not appear to violate section 60a of the Civil Administrative Code.

For the reasons stated, that portion of the order of the circuit court enjoining further rehearing is affirmed. Those portions of the order interpreting section 52 as requiring the Director to order a rehearing within 20 days after the accused receives service of the Committee's findings of fact, conclusions of law and recommendation, and enjoining the Director and the Department from taking any action to suspend or revoke Aliperto's license are reversed. The cause is remanded to the circuit court with directions to enter an order directing the Director and the Department to proceed to a final decision based upon the Committee's December 19, 1977, findings of fact, conclusions of law and recommendation.

Affirmed in part; reversed in part; remanded with directions.

STAMOS and HARTMAN, JJ., concur.