THE PEOPLES GAS LIGHT AND COKE COMPANY, Petitioner-Appellant, v. ILLINOIS COMMERCE COMMISSION, Respondent-Appellee.

First District (6th Division)   No. 1—91—1507

Opinion filed December 2, 1991.

James Hinchliff, Gerard T. Fox, Matthew A. Greene, and Marianne S. Grammer, all of Chicago, for petitioner.

Roland W. Burris, Attorney General, of Springfield (G. Darryl Reed, Special Assistant Attorney General, of Chicago, of counsel), for respondent.

Timothy W. Kirk, of Peoria, for *amicus curiae.*

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

The Peoples Gas Light and Coke Company (Peoples Gas) petitions this court to review an order entered by the Illinois Com-

merce Commission (Commission) that the complainant, Christine Perkins, was not the customer of record from February 1984 to May 1985 and, therefore, could not be held responsible for the unpaid gas service. The issue raised by Peoples Gas on appeal is whether the Illinois Commerce Commission has jurisdiction to determine Peoples Gas' rights as a creditor under section 15(a)(1) of the Rights of Married Women Act (Ill. Rev. Stat. 1989, ch. 40, par. 1015(a)(1)) (FEA).

On August 13, 1990, the complainant, Christine Perkins, filed a complaint with the Commission alleging that Peoples Gas improperly held her responsible for unpaid gas service in the amount of $4,200 which was provided to her residence, the service address, from February 1984 until January 1987. A hearing was held before a hearing examiner during which certain facts were established.

The complainant married Maurice Perkins in 1967. In February 1984, they purchased and moved into the residence at issue. The title to the property was in both names, but the Peoples Gas account was established only in Maurice Perkins' name. The account was delinquent from the time it was first opened until the gas service was turned off on May 29, 1985. At that time there was an outstanding balance in the account of $3,286.82. Peoples Gas attempted to collect the unpaid amount from Maurice Perkins by filing suit against him on June 30, 1986. However, Peoples Gas was only able to collect $574.38 through garnishment of his wages before Maurice Perkins quit his job and moved. With the payment of the above amount, there was still an outstanding balance of $2,566.32.

In January 1987, Peoples Gas determined that there had been unauthorized gas usage since the time the gas was turned off in May 1985, and the service to the main line was discontinued to prevent any further unauthorized use. In November 1987, Peoples Gas sent a bill in the amount of $1,337.10 to the "occupants" of the service address for the unauthorized gas usage. This bill remained unpaid until October 1989, when the complainant applied for gas service in her name. At that time there was an outstanding balance of $4,318.34 on the account for unpaid gas service. This amount included what Peoples Gas had been unable to collect from Mr. Perkins, the amount for the unauthorized gas usage, and delinquent payment charges. The complainant paid the total outstanding balance on the account, and service was restored with an account in her name.

The Commission entered an order denying the complaint in part and granting it in part. The Commission found that the complainant was responsible for the payment of unauthorized gas service from 1985 to 1987, but that she was not responsible for unpaid service from February 1984 through May 1985, because her husband was the only customer of record during that period. The Commission also refused to address the issue of Peoples Gas' rights as a creditor under the FEA, stating that "the Family Expense Statute creates a right to sue in the civil courts, and it is beyond our jurisdiction to determine a customer's liability under that Act." Peoples Gas then filed a petition for rehearing which was denied.

●■ ■ Peoples Gas first contends that the Commission's order that it did not have jurisdiction to determine its rights as a creditor under the FEA must be reversed in part because it violates Illinois law. Peoples Gas claims that under the FEA it has a right to look to the complainant for the payment of her husband's gas bill during the relevant time period. The FEA provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1989, ch. 40, par. 1015(a)(1).)

Under this statute, a debtor's spouse can be held liable for a debtor's bills if a family "in fact" existed at the time of the expenditures (see *Schlesinger v. Keifer* (1889), 30 Ill. App. 253, 257), and the expenditures were incurred for a family expense. A family expense is defined as one which contributes to the welfare of the family and benefits or maintains its integrity. (*Carson Pirie Scott & Co. v. Hyde* (1968), 39 Ill. 2d 433, 436, 235 N.E.2d 643; *White v. Neeland* (1983), 114 Ill. App. 3d 174, 175-76, 448 N.E.2d 649.) The parties do not dispute the fact that a family "in fact" did exist in this case and that the provision of gas service was an expenditure which benefited the family. Thus, under the FEA, Peoples Gas could look to the complainant for the payment of gas service from February 1984 until May 1985, even though Maurice Perkins was the customer of record.

■ However, in its order the Commission reached a contrary conclusion based on the application of its own procedural rule, 83 Ill. Adm. Code §280.50 (1985) (Procedures Rule), rather than the FEA. This rule provides that a utility company may refuse to provide service to an applicant who has failed to pay for past service furnished to him or her by the utility company unless, at the option

of the utility company, the applicant pays the past-due bills. The Commission determined that under this rule it was improper for Peoples Gas to make the provision of service to the complainant contingent on her payment of the past-due gas bills because she was never billed for service and therefore never failed to pay any past-due bills. The Commission further noted that the complainant was not the customer of record and did not assume any obligation to pay for service. The Commission then concluded that it only had jurisdiction to determine whether the complainant could properly be billed for the outstanding gas bills under the Public Utilities Act "and the rules promulgated thereunder" and that any claim that Peoples Gas might have against the complainant under the FEA was a court action which was outside the jurisdiction of the Commission.

●■ ■ The Commission derives its power and authority from the the Public Utilities Act (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 1—101 *et seq.*). (See also *Illinois Power Co. v. Illinois Commerce Comm'n* (1986), 111 Ill. 2d 505, 510, 490 N.E.2d 1255.) Section 4—201 of the Act provides in relevant part:

> "It is hereby made the duty of the Commission to see that the provisions of the Constitution and statutes of this State affecting public utilities, the enforcement of which is not specifically vested in some other officer or tribunal, are enforced and obeyed ***." (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 4—201.)

Because the FEA is a State statute which clearly affects Peoples Gas' ability to collect revenue for its service, the Commission was authorized by this provision to determine Peoples Gas' right to bill the complainant for the outstanding gas bills at issue. Furthermore, even if the Commission's interpretation of its Procedures Rule was correct, where an administrative rule conflicts with a statute, the administrative rule is invalid. *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 302, 411 N.E.2d 973; *National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 239, 402 N.E.2d 656.

■ The Commission raises several arguments in support of its position which are likewise without merit. The Commission initially argues that this court should defer to the Commission's interpretation of the Public Utilities Act and of its rules and regulations. However, the Commission's determinations are not presumed to be correct nor are courts bound by them where there are no factual disputes and the only issues are legal ones. (*Illinois Independent*

*Telephone Association v. Illinois Commerce Comm'n* (1988), 183 Ill. App. 3d 220, 228-29, 539 N.E.2d 717.) In this case, the determination of the scope of the Commission's power is a legal issue. Thus, we are not bound to accept the Commission's conclusions regarding its jurisdiction. (*Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 286, 488 N.E.2d 639.) Although courts may also defer to an agency's interpretation of an ambiguous statute in order to determine the legislative intent (*Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 153, 447 N.E.2d 296), we find no ambiguity in section 4—201 of the Public Utilities Act, which provides the Commission with the jurisdiction at issue.

■ The Commission also argues that under the Public Utilities Act, its jurisdiction does not extend to matters which are properly the subject of civil suits, citing *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 29 N.E.2d 1014. However, this argument is misplaced where the relief Peoples Gas sought was not damages but only payment for the service it provided.

■ Finally, we note that while the Commission maintained that it did not have jurisdiction to determine Peoples Gas' rights under the FEA, it did just that when it ordered Peoples Gas to credit the complainant's account for the amount equal to the outstanding bills from February 1984 until May 1985. For the reasons discussed above, we conclude that this portion of the Commission's order was a violation of the FEA. Section 10—201(e) of the Public Utilities Act (Ill. Rev. Stat. 1989, ch. 111⅔, par. 10—201(e)(iv)(C)) provides that the Commission's rule, regulation, order or decision can be reversed in whole or in part where it violates the State or Federal constitution or laws.

For the aforementioned reasons, the order of the Illinois Commerce Commission is reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Order reversed and remanded.

EGAN and LaPORTA, JJ., concur.