28 June 2000 

No. 2--99--0765 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

BOSWELL MEMORIAL HOSPITAL, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellee, )

)

v. ) No. 97--L--1030

)

CAMILLE C. BONGIORNO, ) Honorable

) John R. Goshgarian,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Boswell Memorial Hospital, sued defendant, Camille C. Bongiorno, for failing to pay the medical expenses of her deceased husband, Michael Bongiorno.  After concluding that the medical costs were a "family expense" under section 15(a)(1) of the Rights of Married Persons Act (Act) (750 ILCS 65/15(a)(1) (West 1998)), the trial court granted plaintiff summary judgment and awarded Michael's medical costs, 18% annual interest, and reasonable attorney fees.  On appeal, defendant argues that a question of fact about Michael's mental condition at the time of his admission precluded the trial court from granting summary judgment.  Defendant also contends that the interest and the attorney fees are not "family expenses" under the Act.  We affirm.

Plaintiff treated Michael from August 11 to August 22, 1995.  At the time he was admitted, Michael signed an "Admission/Service Agreement" which required him to pay 18% interest annually on any medical costs he failed to pay before he left the hospital.  The agreement also permitted plaintiff to recover reasonable attorney fees it might incur while seeking payment.  Michael died four days after he left the hospital, and his insurance provider denied coverage.  Defendant did not respond to plaintiff's repeated requests for payment.

On December 12, 1997, plaintiff sued defendant for nonpayment, seeking 18% interest and reasonable attorney fees.  Plaintiff submitted affidavits that itemized Michael's medical expenses and the attorney fees the hospital incurred.  The trial court granted plaintiff's motion for summary judgment and awarded $38,342 for the medical expenses and $5,473 for the attorney fees. The court awarded an additional $11,589, which amounted to 9% interest on the medical costs.  Plaintiff moved to amend the judgment, arguing that it was entitled to 18% interest under the contract.  The trial court granted plaintiff's motion and increased the interest award to $23,178.

A trial court should grant summary judgment only if the pleadings, depositions, affidavits, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--

1005 (West 1998).  Where reasonable persons could draw different inferences from the undisputed material facts or where there is a dispute over a material fact, summary judgment should be denied and the issue decided by the trier of fact.  A trial court's decision to grant summary judgment is subject to 
de
 
novo
 review.  
Douglass v. Dolan
, 286 Ill. App. 3d 181, 185 (1997).

On appeal, defendant concedes that she is liable for  Michael's medical expenses, but she challenges the trial court's decision to award interest and attorney fees.  Defendant contends that, because Michael allegedly suffered from a "life-threatening illness" when he entered the hospital, he could not freely assent to the admission agreement.  Defendant alleges that the trial court erroneously granted plaintiff summary judgment because a factual question existed about whether Michael's medical condition prevented him from contracting with plaintiff voluntarily.

If a party moving for summary judgment introduces facts which, if not contradicted, would entitle him to a judgment as a matter of law, the opposing party may not rely on his pleadings alone to raise issues of material fact.  
Hermes v. Fischer
, 226 Ill. App. 3d 820, 824 (1992).  In this case, plaintiff supplied the trial court with the admission agreement and documents describing the medical services performed and the attorney fees incurred.  However, defendant submitted no counteraffidavit describing Michael's condition at the time he was admitted to the hospital.  Only defendant's pleadings allege that Michael could not understand or assent to the agreement.  We conclude that defendant's bald assertions do not create a question of material fact.  Nothing suggests that Michael's medical condition affected his ability to contract with plaintiff.  Persons of mature age are presumed to be sane and mental incapacity cannot be inferred.  The burden of proving mental incapacity lies upon the party who seeks to set aside the transaction.  See 
In re Estate of Neprozatis
, 62 Ill. App. 3d 563, 567 (1978).

Defendant also argues that the interest and attorney fees awarded pursuant to the contract are not "family expenses" as defined by section 15(a)(1) of the Act.  Section 15(a)(1) provides in relevant part:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."  750 ILCS 65/15(a)(1) (West 1998).

The law is well settled that medical expenses are "family expenses" under section 15(a)(1) and that a husband and wife are each liable for the medical expenses of the other.  See, 
e.g.
, 
St. Mary of Nazareth Hospital v. Kuczaj
, 174 Ill. App. 3d 268, 273-74 (1988); 
Fortner v. Norris
, 19 Ill. App. 2d 212, 215-16 (1958).  The purpose of the Act is to protect creditors.  
Proctor Hospital v. Taylor
, 279 Ill. App. 3d 624, 627 (1996).

A family expense contributes to the welfare of the family and benefits or maintains its integrity.  
Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n
, 222 Ill. App. 3d 738, 741 (1991).  Defendant argues that, under this definition, the contractual interest and attorney fees are not family expenses.  We disagree.  
Components of the compensation agreed to by the parties in return for the hospital care are deemed to be a family expense.  We hold that, when a spouse is liable for a family expense under section 15(a)(1) of the Act, a creditor may recover all components agreed upon, such as interest and reasonable attorney fees, that the contract permits.

In 
St. Luke's Medical Center v. Rosengartner
, 231 N.W.2d 601 (Iowa 1975), a hospital sued a husband for his wife's medical costs.  After concluding that the costs were "family expenses," the Iowa Supreme Court awarded the hospital interest on the unpaid costs.  
St. Luke's
, 231 N.W.2d at 602.  Although it is unclear whether the interest in 
St. Luke's
 was contractual or statutory, the case
 nevertheless supports our ruling.  See 
North Shore Community Bank & Trust Co. v. Kollar
, 304 Ill. App. 3d 838, 844 (1999) (when reviewing a claim under the Act, Illinois courts often consider Iowa decisions because the Illinois Act is based on the Iowa statute).

In contrast, defendant's reliance on 
Kellman v. Tilton
, 306 Ill. App. 504 (1940) (abstract of op.), is misplaced.  In that case, an attorney sought payment for representing a husband in a criminal matter.  This court ruled that the cost of defending the prosecution was not a family expense that would render the wife liable under the Act.  In this case, the medical costs Michael incurred are a family expense, and the interest and attorney fees are included in the contract.

Plaintiff is entitled to the unpaid medical expenses, the 18% annual interest, and the reasonable attorney fees.  Defendant does not challenge the trial court's calculation of plaintiff's damages, and we conclude that those amounts are correct.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and GALASSO, JJ., concur.