SIXTH DIVISION

November 18, 2005

No. 1-03-3001

DAWN JACKSON, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County

)

v. ) )

URBAN INVESTMENT PROPERTY SERVICES a/k/a)

Urban Investment Trust, Inc.; DESIGNED )

EQUIPMENT CORPORATION; and OTHER UNKNOWN)

OWNERS OF THE PROPERTY COMMONLY KNOWN AS)

THE UPTOWN THEATER LOCATED AT 4816 N. )

BROADWAY, CHICAGO, ILLINOIS, ) Honorable

) Kathy M. Flanagan,

Defendants-Appellees. ) Judge Presiding

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Dawn Jackson sued Urban Investment Property Services (Urban) and Designed Equipment Corporation (Designed) in negligence to recover for injuries she sustained when part of a scaffolding Urban leased from Designed fell on plaintiff outside of Urban’s property. Defendants moved for summary judgment, arguing that the fire fighter’s rule (sometimes called the inherent risk principle) barred plaintiff from recovering for her injuries because she was injured while performing her duties as a public officer.  The trial court granted defendants’ motion and plaintiff appealed.  We hold that when an officer responds to a call about a scaffold falling, the landowner is not liable in negligence to the officer for injuries caused by the scaffold falling on the officer.  However, since Designed presented no evidence that it performed any activity on Urban’s premises, the record does not support application of the fire fighter’s rule to relieve Designed from liability. Therefore, we affirm the circuit court’s ruling as to defendant Urban and reverse as to defendant Designed.

BACKGROUND

On April 7, 2001, plaintiff, a Chicago police sergeant, responded to a call that scaffolding was falling around a theater, damaging cars parked nearby.  Defendant Urban owns the theater and defendant Designed leased the scaffolding equipment to Urban for renovations. 

When she arrived at the scene, plaintiff observed debris, including plywood boards, scattered across the four-lane street. She also noticed a board flapping in the wind.  After she spoke to another officer to determine what damage had occurred, plaintiff called for a building inspector. Plaintiff also radioed for additional police units to help her keep traffic off the street. 

When the building inspector arrived at the scene, he discussed the situation with plaintiff and asked for some additional information.  Plaintiff walked toward her squad car to retrieve the information.  When she was about 15 feet from her car, a board flew off the scaffolding and struck her, injuring her severely.  
Plaintiff
 sued Urban and Designed, alleging that defendants negligently constructed and maintained the scaffolding. 

In the motion for summary judgment, defendants asserted that the fire fighter’s rule barred plaintiff’s claim because plaintiff was performing her official duties when she suffered the injury.  Plaintiff replied that the fire fighter’s rule did not apply because she was never on defendants’ premises.  Plaintiff also argued that, because courts have not extended the fire fighter’s rule beyond the context of owner and occupier liability, Designed could not use the rule to protect itself from liability. 

The trial court found that the fire fighter’s rule relieved defendants of liability because the plaintiff "was not merely a traffic officer injured by a hazard unassociated with her duties."  She was a police officer on duty, responding to a call of debris falling from scaffolding, and "she was 
injured by that same debris
 from that property owned and or occupied by the Defendants, 
including
 Designed which was engaged in construction activity 
vis-a-vis
 the scaffold on Urban’s property on behalf of Urban." (Emphasis in original). The trial court therefore granted defendants summary judgment. 

ANALYSIS

On appeal, plaintiff asserts that defendants cannot avail themselves of the fire fighter’s rule because she was not on defendants’ premises when she was injured.  Additionally,  plaintiff contends that contested issues of fact, especially issues concerning the relation between her work and her injury, preclude 
summary judgment
.

A trial court should grant summary judgment only if the pleadings, depositions, affidavits and admissions on file entitle the moving party to judgment as a matter of law. 
Boswell Memorial Hospital v. Bongiorno
, 314 Ill. App. 3d 620, 621 (2000).  We review de novo the decision to grant summary judgment. 
Bongiorno
, 314 Ill. App. 3d at 621. 

Under the fire fighter's rule, "public officers may not recover from those whose negligence caused the emergency that required their presence when their injuries were caused by that emergency."  
Knight v. Schneider National Carriers, Inc.
, 350 F. Supp. 2d 775, 780 (N.D. Ill. 2004).  For example, "while a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire[,] he is not liable for negligence in causing the fire itself." 
Washington v. Atlantic Richfield Co.
, 66 Ill. 2d 103, 108 (1976).

Plaintiff
 argues that we should apply the fire fighter’s rule narrowly because the legislature recently amended the Fire Investigation Act to state that "[t]he owner or occupier of the premises and his or her agents owe fire fighters who are on the premises in the performance of their official duties *** a duty of reasonable care in the maintenance of the premises." 425 ILCS 25/9f (West 2004).  
Plaintiff
 claims that the legislature, with this amendment, has rejected the fire fighter's rule.  As 
plaintiff
 concedes, the amendment on its face does not apply to this case as it addresses only the owner’s or occupier’s duty to fire fighters and not to police officers.  The amendment does not affect the binding precedent concerning application of the fire fighter's rule to police officers.

Our supreme court followed precedent involving the fire fighter's rule in 
Fancil v. Q.S.E. Foods, Inc.
, 60 Ill. 2d 552 (1975).  In 
Fancil
, burglars concealed on the defendant’s premises, outside its store, killed a police officer during the officer’s security check.  The officer’s estate sued the store owner, alleging that the owner failed to provide adequate lighting for the store’s exterior.  Our supreme court applied section 343 of Restatement (Second) of Torts, which provides:  

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land *** only if *** the condition *** involves an unreasonable risk of harm to such invitees ***."  Restatement (Second) of Torts §343 (1965).

The court, interpreting the phrase "unreasonable risk" in light of the fire fighter’s rule, held that a police officer conducting a security check should reasonably expect to encounter dangers like those created by the conditions on the defendant’s premises. 
Fancil
, 60 Ill. 2d at 558.  The court concluded that the danger was therefore "not an unreasonable risk for a police officer" and that the "officers realized the danger inherent in their occupation and protected themselves against it." 
Fancil
, 60 Ill. 2d at 558.  Accordingly, the court affirmed the trial court’s decision dismissing the officer’s complaint.

Here, plaintiff did not actually enter onto defendant’s premises. She correctly argues that section 368 of the Restatement (Second) of Torts, and not section 343, governs Urban’s liability. Section 368 provides:

"A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who 

(a) are traveling on the highway, or 

(b) foreseeably deviate from it in the ordinary course of travel."  Restatement (Second) of Torts §368 (1965).

See 
Largosa v. Ford Motor Co.
, 303 Ill. App. 3d 751, 754 (1999). This section makes a landowner liable for any unreasonable risks he creates for those traveling on adjacent highways, just as section 343 makes landowners liable for unreasonable risks imposed on invitees. The court in 
Fancil
 used the fire fighter's rule to interpret the risks that count as unreasonable for a policeman in the performance of his duties.  We hold that the same principles apply to the interpretation of "unreasonable risk" in the context of section 368.  We do not apply the fire fighter's rule "beyond its limited context of landowner/occupier liability" (
Court v. Grzelinski
, 72 Ill. 2d 141, 151 (1978)), because section 368, like section 343, describes only the duties of owners and occupiers of land.

Under section 368, we must decide whether the negligently erected scaffolding created an unreasonable risk of harm to 
plaintiff
.  We hold that a negligently constructed scaffolding does not present an unreasonable risk to a police officer responding to a call about falling scaffolding. Therefore, the risk Urban allegedly created on its land does not qualify as an "unreasonable risk" for plaintiff under the circumstances of this case. We affirm the decision granting summary judgment to defendant Urban. 

Plaintiff
 separately argues that we should reverse the judgment in favor of Designed because it neither owned nor occupied Urban's theater.  Designed claims that section 383 of Restatement (Second) of Torts entitles it to the same immunity Urban enjoys.  Section 383 provides: 

"One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land."  Restatement (Second) of Torts §383 (1965).

See 
Randich v. Pirtano Construction Co.
, 346 Ill. App. 3d 414, 424 (2004). Defendant Designed states in its brief that it erected scaffolding on Urban’s property, but it does not cite to the record to substantiate its claim.  The trial court found that "Designed *** was engaged in construction activity vis-a-vis the scaffold on Urban’s property on behalf of Urban," but the court did not explain what evidence supported the finding.  No witness stated in any deposition or affidavit that any employee of Designed ever performed any act for Urban on Urban's land.  No contract in the record shows that Designed had a duty to carry on any activity on Urban's land.  The record on appeal includes no evidence to help resolve the factual issue of whether Designed "[did] an act or carrie[d] on an activity upon land on behalf of" Urban.  Therefore, we cannot say that the depositions, admissions and affidavits on file show that section 383 entitles Designed to judgment in its favor. 

Because 
plaintiff
 suffered injury from a falling scaffold in the course of her duties as a police officer responding to a call concerning a falling scaffold, the fire fighter's rule and section 368 of the Restatement (Second) of Torts bar her from recovering from Urban for negligence.  Under section 383 of the Restatement, Designed could share Urban's immunity from an action in negligence for activities it undertook on Urban's land and on Urban's behalf.  Because Designed has presented no evidence that it undertook any such activities, it has not shown grounds for judgment in its favor.  Accordingly, we affirm the judgment in favor of Urban, we reverse the 
summary judgment
 granted to Designed, and we remand for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

TULLY and O'MALLEY, JJ., concur.